325 So.2d 591 (1976)
STATE of Louisiana
v.
Melvin MAYES.
No. 56753.
Supreme Court of Louisiana.
January 19, 1976.
Val K. Scheurich, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
*592 SUMMERS, Justice.
Defendant, Melvin Mayes, was convicted after a trial by jury of the distribution of marijuana (La.R.S. 40:966). He was sentenced to nine years imprisonment and fined $2,500. From his conviction and sentence, the defendant appeals alleging two errors.
At approximately 2:30 p.m. on April 11, 1974, the defendant, who was employed as a security officer at Charity Hospital in New Orleans, approached undercover agent Gary McKee in the hallway of the hospital. The defendant inquired of McKee whether he (McKee) wanted to buy some "stuff". McKee inquired "what stuff?" The defendant replied marijuana. McKee agreed and gave the defendant $30 and arranged to meet the defendant later that night for the delivery. The meeting took place in the fourth floor men's rest room of the hospital. Present, although hiding, was Sergeant Sterling, an investigator for the State of Louisiana. The defendant then delivered to McKee the marijuana (two "lids") and left the rest room. McKee then handed the marijuana to Sergeant Sterling. At trial, it was stipulated that the package contained marijuana.

Assignment No. 1
The defendant contends that on cross-examination, in order to test McKee's credibility, he should have been allowed to question McKee as to the names of other allegedly corrupt (dealers in narcotics) security officers at Charity Hospital and the source of supply of the defendant's marijuana. The trial court sustained the prosecution's objections to the testimony, the former on the grounds of irrelevancy and the latter on the grounds of immateriality.
It is well-settled law that the defense should be allowed substantial freedom in cross-examining witnesses for the state. Such freedom may, however, be restrained by the trial judge when the questions asked are irrelevant or immaterial to the case.
Who were the other allegedly corrupt officers was in fact irrelevant to the defendant's guilt or innocence. Such evidence is therefore inadmissible under La.R.S. 15:435, 441, and 442. The source of the defendant's marijuana is similarly irrelevant. The fact is that the defendant had possession of the marijuana and delivered it to McKee. The crime is established. La.R.S. 40:966.
Even assuming that the defense was testing McKee's credibility, it is difficult to understand the relevancy of such questions to the issue of credibility. That is, the possibility that McKee was conducting an undercover operation and had other security officers under observation and whether McKee knew who was supplying the defendant with the marijuana are not matters which are relevant to the fact that the defendant did deliver to McKee two "lids" of marijuana. This restraint upon the liberty of cross-examination was harmless. La.Code Crim.Proc. art. 921.

Assignment No. 2
As the second assignment of error, the defendant contends that a sentence of nine years and a fine of $2,500 is cruel and unusual punishment for a first offender.
Considering that defendant was employed as a security officer at Charity Hospital and was caught in the act of selling marijuana there, it cannot be said that the sentence is cruel and unusual. The sentence is within the limits set by the statute. See State v. Williams, 288 So.2d 319 (La.1974).
The conviction and sentence should be affirmed.