PER CURIAM.
Defendant, James Copeland Harris, was charged in a two count bill of information with possession of cocaine, LSA-R.S. 40:967, and with possession of phencycli-dine (PCP), LSA-R.S. 40:966. He pled guilty to possession of cocaine as a result of a plea bargain agreement in which the state, agreed to dismiss the other charge after sentencing. The trial court sentenced defendant to five years at hard labor with credit for time served.
Defendant now appeals, urging the trial court failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1 and that the sentence imposed is unconstitutionally excessive. Finding no merit to defendant’s arguments, we affirm.
On January 26, 1989 at approximately 4:30 p.m., police officers arrived at the residence located on 33 Langford Drive, Monroe, Louisiana to execute a search warrant. Approaching the door officers heard a person inside the residence yell “police.” The officers kicked in the front door and saw a suspect run into a rear bedroom and break a window in order to escape. Two of the four suspects who escaped through the broken window were apprehended at the scene.
The police officers searched the residence. Marie Ford, the homeowner, was found sitting on a couch in the den. Rolling paper, a small amount of suspected marijuana and a white powder substance suspected to be cocaine were seized from a coffee table in front of the couch. Ford indicated that she and the others were smoking a “reefer” when the police arrived. The officers found the defendant hiding inside a closet in the den. The defendant was arrested and advised of his *794 Miranda rights. A search of defendant’s person revealed a small bottle containing suspected PCP, $280 in cash, a small plastic resealable sandwich bag containing suspected cocaine residue, a small amount of suspected marijuana wrapped in aluminum foil, rolling papers and a match box containing approximately one gram of crack cocaine. In addition to the above, the officers also found a pill bottle containing suspected PCP on a night stand in the front bedroom. Plastic bags, a razor blade and a pair of hemostats were found inside a hall closet. In the kitchen, a plastic resealable sandwich bag containing approximately 14 grams of suspected cocaine, two plastic resealable sandwich bags each containing approximately 7 grams of suspected crack cocaine, two empty plastic bags and a razor blade, all within a paper bag, were also found and seized. The defendant was thereafter arrested on charges of possession of cocaine (over 28 grams), conspiracy to distribute cocaine, obstruction of justice, possession of PCP, possession of marijuana and resisting arrest.
After being formally charged by bill of information with two counts, possession of cocaine and possession of PCP, respectively, defendant pled guilty to possession of cocaine. The possession of PCP charge was dismissed. Defendant now appeals his maximum five year sentence for his conviction by plea on count one of possession of cocaine, LSA-R.S. 40:967.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr.P. Art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
Our review must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984). As 'a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained *795 through a plea bargain agreement. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
A trial court is not required to render a suspended sentence or probation on a first felony offense. The trial court may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
At the sentencing, the trial court stated that he carefully reviewed the pre-sentence investigation report, mindful of the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. He noted that the 26 year-old single defendant has a high school education and received two years of education from the Louisiana Business School in accounting and data processing. After carefully reviewing the facts, the trial court stated that the amount of drugs present indicated defendant was more than just a personal user and was involved in illegal drug activity. Defendant argues the trial court improperly attributed all the drugs seized in the search to him and improperly concluded defendant was more than just a drug user. Drugs seized from defendant’s person included samplings of all the drugs found on the premises, including a small bottle of PCP, a match box with approximately one gram of crack cocaine and marijuana and rolling papers. Defendant was also in possession of $280.00 in cash. None of the other arrestees had cash on their persons according to the record on appeal. Defendant’s admitted drug usage, his presence at the residence during the search, the quantity of drugs found on defendant as.well as the quantity of cash found on defendant’s person all indicate a significant involvement with the drug culture. The trial court felt that defendant should have contemplated his actions would threaten serious harm. The trial court found no substantial grounds excusing or justifying defendant’s criminal conduct.
The defendant’s sentence is supported by the court’s consideration of factors other than the defendant’s possible involvement with drug distribution. Defendant’s juvenile record, adult criminal record and employment history were noted by the trial court at sentencing. Defendant was convicted in 1986 of DWI, driving with an expired safety inspection sticker and shoplifting. During defendant’s one year and nine month’s employment as a security police specialist with the United States Air Force, he received an Air Force Training Ribbon and an Air Force Overseas Ribbon. However, defendant received two article 15s (see 10 U.S.C.A. § 815, commanding officer’s non-judicial punishment) for reporting to work late and was found in possession of one ounce of marijuana. Action taken by a commanding officer under the provisions of article 15 does not result in a criminal conviction. However, defendant was court martialed for the drug offense. As a result of the drug offense, defendant received an other than honorable discharge. Defendant also admits that he was fired from 3 or 4 jobs for reporting to work late or violating company policy due to his drug problem.
The trial court also noted defendant’s admission to smoking two joints of marijuana per week, using two rocks of crack cocaine daily since June 1988, and smoking PCP three times per week since June 1988. Defendant also admitted to drinking a twelve-pack to a case of beer per day until September 1988 when he decided to give something up. Upon consideration of defendant’s involvement with drugs and alcohol, the trial court found defendant lucky to be alive. The trial court therefore found defendant needed correctional treatment best provided by commitment to an institution and that defendant’s character and attitudes reflected an inability to respond affirmatively to probation.
Defendant received a significant reduction in his sentencing exposure through the plea agreement. He was originally *796 charged with two counts, possession of cocaine, with a maximum sentence of five years, and possession of PCP, with a maximum sentence of 20 years at hard labor. Thus, the defendant’s total sentence exposure was 25 years, had the sentences been ordered to run consecutive. The plea bargain resulted in a maximum exposure of five years. The trial court, recognizing defendant’s substantial reduction in penalty exposure as a result of the plea agreement, found a lesser sentence would deprecate the seriousness of the present offense. Therefore, defendant was sentenced to the maximum term of imprisonment for possession of cocaine.
After reviewing the circumstances of this offense, defendant’s work record and criminal record, we find the imposition of the maximum sentence is not excessive or an abuse of discretion. Moreover, the record establishes adequate consideration by the trial court of the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1.
We affirm both the conviction and the sentence of the defendant, James Copeland Harris.
AFFIRMED.