WALTZER, Judge.
On April 26, 1990, the defendant was charged by bill of information with violation of R.S. 14:51 aggravated arson. He was arraigned April 30, 1990 and pled not guilty. He filed motions to suppress a confession, an identification and the evidence. The motions were denied August 29,1990. The case proceeded to trial, but a mistrial was declared on January 15, 1991. A twelve member jury found the defendant guilty as charged on July 3, 1991. On July 23, 1991 he was sentenced to fifteen years at hard labor with the first two to be served without benefit of parole, probation or suspension of sentence. The state filed a multiple bill but the record does not reveal it was ever heard. Defendant filed a motion for appeal on September 6, 1991. Defense counsel requested only a review for errors patent. The defendant filed a pro se brief on March 31, 1992, raising three specifications of error.
Michele Jenkins was sitting in a car talking to a friend April 14, 1990 at 4:30 a.m. She saw the defendant walk up to Connie Gordon’s apartment, look in the window, take a bottle out of a gym pack, light something protruding from the mouth of the bottle, and throw the bottle through a window of the apartment. A big explosion followed and the curtains went up in flames. Jenkins and her friend knocked on the door and a young girl opened it. Jenkins ran into the apartment and rescued four children. Jenkins’s friend began putting out the fire with a fire extinguisher he found in the kitchen. The bed where the children had been sleeping was burned. Jenkins said she had seen the defendant harassing Gordon in the past.
Connie Gordon testified she lived with the defendant for seven years and that he is the father of some of her children. She said that on the night of the crime she was working the late shift at a restaurant. She left her five children, ages 11, 6, 5, 2 and 6 months in the care of Stella Jones. She received a call at work about 4:00 a.m. but the caller hung up after saying “Hello.” She knew the voice as the defendant’s. She looked out of the restaurant window and saw the defendant duck back out of sight. A neighbor called her shortly after-wards and reported the fire to her. She said she returned home to find her house fire damaged. She said the defendant had been to her house on previous occasions and knew where the children slept.
Officer William Marks, NOPD, said he and his partner James Neyrey answered the call. After receiving Jenkins’s description and Gordon’s report of her past relationship, the officers proceeded to the defendant’s house. Marks knocked on the front door. The defendant’s mother answered the door and said he was not there. Neyrey called to Marks from the backyard. Marks went around the house and saw Neyrey wrestling with the defendant.
Ebony Gordon, daughter of Connie Gordon and the defendant, said she was awakened on the night of the fire by what she thought was a light outside the apartment. She then saw the fire and heard knocking at the door. She answered it and let Michelle Jenkins and her boyfriend in. They awoke the other children.
The defendant testified he found Connie Gordon in bed with his brother some time before the fire. He beat his brother as a result. He denied setting the fire and said he was home with his mother when the fire was set.
ASSIGNMENT ONE:
After the defendant was arrested, the officers drove him in the police car back to the scene of the fire when Jenkins *755 identified him. The defendant argues this identification should have been suppressed.
This court, in State v. Valentine, 570 So.2d 533 (La.App. 4th Cir.1990), stated:
When reviewing an out-of-court identification procedure for its constitutionality and hence its admissibility in court, the appellate court must first make a determination of whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Amos, 550 So.2d 272 (La.App. 4th Cir.1989); State v. Holmes, 556 So.2d 56 (La.1990); State v. Lee, 545 So.2d 1163 (La.App. 4th Cir.1989). If the court finds in the affirmative, the court must then decide, under all the circumstances, if the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Manson, supra; Prudholm, supra; State v. Guillot, 526 So.2d 352 (La.App. 4th Cir.1988), writ den. 531 So.2d 471 (La.1988). In Manson, the Court set forth a five-factor test to determine whether the identification was reliable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation.
Generally, one-on-one identifications are not favored, but they may be justified under certain circumstances. State v. Bickham, 404 So.2d 929 (La.1981); Amos, supra. However, in cases where such identifications were upheld, the identifications occurred within a short time after the crime occurred, and either occurred at or near the scene of the crime or occurred as an inadvertent meeting between the witness and the defendant. In Bickham, the suspect was immediately apprehended and returned to the scene of the crime where the victim identified him as the assailant. The Court found that under these circumstances, there was no substantial risk of misidentification.
In this case, Jenkins saw the defendant from a short distance away in an area that was well lit. Her attention was focused on him as she saw him walk to the front door, walk around the house, look through a window, remove a bottle from a bag, light it, and throw it through the window. She knew the defendant from the neighborhood and from witnessing him harass Connie Gordon. He was returned to the scene a short time after the crime. Under these circumstances, there was no substantial risk of misidentification. The trial court did not err in denying the motion to suppress. This assignment has no merit.
ASSIGNMENT TWO:
The defendant argues ineffective assistance of counsel, specifically arguing the attorney should have moved to suppress evidence, should have examined the rights of arrestee form, and failed to argue the evidence presented was insufficient.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that his counsel’s performance was deficient and that the deficient performance prejudiced the defense. Defendant must make both showings before it can be found that his conviction resulted from a breakdown in the adversary process rendering the result unreliable. A claim of ineffective assistance may be disposed of based upon a finding that either of the two Strickland criteria have not been established. State v. James, 555 So.2d 519 (La.App. 4th Cir.1989), writ denied, 559 So.2d 1374 (La.1990). If the claim fails to establish either prong of the Strickland test, the reviewing court need not address the other. State ex rel. Murray v. Maggio, 736 F.2d 279 (5th Cir.1989).
Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief to be filed initially in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986), writ denied 533 *756 So.2d 10 (La.1988). Nevertheless, in the interest of judicial economy, the court can consider a claim of ineffective assistance if the record on appeal contains sufficient evidence to address the merits of the claim. State v. Seiss, 428 So.2d 444 (La.1983); State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
In the present case, it appears the record is sufficient to address the defendant’s arguments. The defendant argues evidence should have been suppressed. However, the only evidence the state introduced was a diagram made by Jenkins at trial to explain the scene of the crime. There is no indication this evidence should have been suppressed. The defendant argues the defense counsel should have examined the rights of arrestee form, but the defendant made no statement, and any irregularity in the form would have had no impact at trial. The defendant argues the defense counsel should have argued the evidence was insufficient, but the defendant makes this argument on appeal. This assignment is without merit.
ASSIGNMENT THREE:
The defendant argues the state presented insufficient evidence to support the conviction. The crime of aggravated arson is defined by La.R.S. 14:51 as the intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable whereby it is foreseeable that human life might be endangered. The standard of review applicable to sufficiency questions is whether the evidence, viewed in a light most favorable to the prosecution, reasonably supports the verdict. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The testimony in this case established that the defendant lit a bottle filled with a flammable liquid and threw it into an inhabited house. The only real issue presented by this assignment is whether it was foreseeable that human life might be endangered.
The Third Circuit found this element of the crime supported by the evidence where the defendant started a fire in a utility shed located three feet from an inhabited house. State v. Broussard, 535 So.2d 532 (La.App. 3rd Cir.1988), writ den. 541 So.2d 893 (La.1989). In this case, the defendant threw the bottle into the inhabited house. He had walked around the house, and looked in the window before he threw the bottle. He had lived in the house, knew children (including his own) lived there, and knew their mother was working the late shift. Accordingly, it appears the evidence was sufficient to prove that it was foreseeable that human life might be endangered. This assignment is meritless.
Appellant’s counsel filed a brief requesting a review of the record for errors patent only. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because she believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant, and this Court informed the defendant that he had the right to file a brief on his own behalf, which he did, raising three assignments of error. Accordingly, this court will grant Counsel’s motion to withdraw.
As per State v. Benjamin, supra, this court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of indictment, and all transcripts contained in the record. The defendant was properly charged by bill of indictment with a violation of LSA-R.S. 14:51 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, and sentencing. As discussed in assignment three, there was sufficient evidence introduced at trial for the jury to *757 find the defendant guilty as charged. The sentence of fifteen years at hard labor with the first two to be served without benefit of parole, probation or supervision of sentence is legal and valid in all respects.
For the reasons discussed, counsel’s motion to withdraw is granted and the conviction and sentence are affirmed.
AFFIRMED.