615 So.2d 957 (1993)
STATE of Louisiana
v.
Carl J. BOURG.
No. 92 KA 0505.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*958 Warren Daigle, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
James L. Alcock, Houma, Jack M. Dampf, Baton Rouge, for defendant and appellant, Carl Bourg.
Before CARTER, LEBLANC and PITCHER, JJ.
PITCHER, Judge.
The defendant, Carl J. Bourg, was charged by bill of information with aggravated criminal damage to property, in violation of LSA-R.S. 14:55. He pled not guilty and, after trial by jury, was found guilty as charged. He received a sentence of two years at hard labor. The trial court suspended the sentence and placed the defendant on supervised probation for one year, subject to the following special conditions: (1) the defendant must make restitution to the victim, Juanita Tauzin, in the amount of $243.10; (2) the defendant must pay a $1,000 fine and court costs; (3) the defendant must pay a $25.00 per month probation supervision fee; and (4) the defendant must report immediately to the probation and parole officer. The defendant has appealed, alleging four assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to quash the bill of information.
2. The trial court erred in denying the defendant's motion for a new trial.
3. The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.
4. The trial court erred in restricting defense counsel's cross-examination of the victim.
Assignment of error number one was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

*959 FACTS
The victim in the instant case, Juanita Tauzin, is the defendant's first cousin. On July 29, 1989, a ball bearing was thrown at the rear window of a vehicle owned by the victim. The ball bearing, approximately one and one-half inches in diameter, penetrated the rear window and struck the back of the headrest atop the front driver's seat. The victim was sitting in her car at the time, and the impact of the ball bearing against the headrest threw her forward against the steering wheel, but she apparently did not receive a serious injury.
At the trial, the facts surrounding this incident were established through the testimony of the victim (Ms. Tauzin), Nora Bourg Breaux, Gertie Bourg Theriot, and Joyce Benoit. On the morning of July 29, 1989, several heirs of the Bourg Succession met to examine records of the Harry Bourg Corporation at a house on Grand Caillou Road in Terrebonne Parish. After this meeting, Nora Bourg Breaux, her sister, Gertie Bourg Theriot, and their niece, Joyce Benoit (who is the defendant's sister), left in Ms. Breaux's vehicle. They were followed by Ms. Breaux's daughter, the victim, who was driving her own vehicle. Ms. Breaux told the victim that she wanted to try to locate some missing cattle which might be on the defendant's property. Both the defendant and Ms. Breaux leased adjoining pieces of property from the Harry Bourg Corporation. The victim agreed, and these family members set off for the defendant's property in two vehicles. When they arrived on Four Point Road, which adjoins the defendant's property, the victim parked her car on the side of the road and began taking notes and photographs of the defendant's property. Suddenly, her rear window was shattered by a ball bearing. At first, the victim believed that someone had fired a shot at her. Although the victim did not see who threw the ball bearing, she immediately exited her vehicle and saw the defendant walking away from behind her vehicle at a fast pace. She actually photographed the defendant as he was walking away (State Exhibit 5). Ms. Breaux and Ms. Theriot were not looking in the direction of the victim's vehicle when this incident occurred. However, Ms. Benoit was looking in that direction and actually observed the defendant throw an object which struck the rear window of the victim's vehicle.
The defendant testified that, at the time this incident occurred, he was loading a tractor onto a flatbed truck aided by Gerard Melancon and Eugene Chiasson. The defendant specifically denied throwing the ball bearing through the victim's rear window and stated that he did not know who committed this act. Similarly, both Melancon and Chiasson denied seeing the defendant throw the ball bearing and also denied any knowledge of this act.

ASSIGNMENTS OF ERROR NOS. TWO AND THREE (COMBINED AS ASSIGNMENT NO. ONE IN THE DEFENDANT'S BRIEF):
In assignment of error number two, the defendant contends that the trial court erred in denying his motion for a new trial. In assignment of error number three, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal. Both assignments of error relate to the sufficiency of the evidence to support the instant conviction.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990).
LSA-R.S. 14:55 provides, in pertinent part:
Aggravated criminal damage to property is the intentional damaging of any structure, watercraft, or movable, wherein it is foreseeable that human life might be endangered, by any means other than fire or explosion.
In his brief to this Court, the defendant contends that the jury erred in accepting the testimony of only one witness, Joyce Benoit, that the defendant *960 threw the ball bearing at the victim's car. He points to his own trial testimony denying that he threw the ball bearing and to the testimony of the victim (Ms. Tauzin), Nora Bourg Breaux, Gertie Bourg Theriot, Gerard Melancon, and Eugene Chiasson, who indicated that they did not see the defendant throw the ball bearing. However, as the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir. 1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. The guilty verdict returned in this case indicates that the jury clearly accepted the testimony of the State's witnesses (especially the testimony of Ms. Benoit indicating that she saw the defendant throw the ball bearing through the victim's rear window) and rejected the testimony of the defense witnesses. On appeal, this Court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). Accordingly, this argument is meritless.
In the alternative, the defendant contends that the evidence was sufficient to prove only a conviction of the lesser included responsive offense of simple criminal damage to property in an amount less than $500.00. See LSA-R.S. 14:56B. In support of this argument, the defendant notes that the ball bearing was thrown at the rear window of the victim's car from a distance of thirty to fifty feet away and concludes: "If it had been truly foreseeable that [the victim] would be endangered, [the defendant] would have thrown the ball bearing through the front windshield or the driver's window, at a much closer range." (Defendant's brief pg. 10). We disagree. After examining the testimony of all of the witnesses, the photographs of the victim's car and the area where the offense occurred, and the ball bearing itself, we find that this ball bearing was used in a manner wherein it was foreseeable that the victim's life was endangered.
Considering the above, we are convinced that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that the defendant committed the offense of aggravated criminal damage to property. Accordingly, the trial court correctly denied the defendant's motions for new trial and post-verdict judgment of acquittal.
These assignments of error are meritless.

ASSIGNMENT OF ERROR NO. FOUR (ASSIGNMENT NO. TWO IN THE DEFENDANT'S BRIEF):
In this assignment of error, the defendant contends that the trial court erred in restricting his cross-examination of the victim. Specifically, the defendant contends that he should have been allowed to ask the victim why she was taking pictures of the defendant and his property.
The defendant's right to confront and cross-examine witnesses, found in the Sixth Amendment to the United States Constitution, is a fundamental right applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). This right to confrontation is also found in Art. 1, § 16, of the Louisiana Constitution. State v. Rankin, 465 So.2d 679, 681 (La.1985).
It is well-settled law that the defense should be allowed substantial freedom in cross-examining State witnesses. However, such freedom may be restrained by the trial court when the questions asked are irrelevant or immaterial to the case. State v. Mayes, 325 So.2d 591, 592 (La. 1976). Similarly, a defendant's right to present a defense is sanctioned constitutionally, and he can testify to or give evidence on any matter relevant to an issue material in the case. State v. Bennett, 517 So.2d 1115, 1118 (La.App. 1st Cir.1987), *961 writ denied, 523 So.2d 1335 (La.1988). A "material issue" is one which is "of solid or weighty character, of consequence, or importance" to the case. State v. Ludwig, 423 So.2d 1073, 1078 (La.1982).
La.Code of Evidence art. 401 provides:
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
La.Code of Evidence art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In questions of relevancy, much discretion is vested in the trial court. State v. Andrews, 451 So.2d 175, 178 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984). Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Raymond, 447 So.2d 51, 54 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La.1984).
In his brief to this Court, the defendant notes that the victim's alleged purpose for taking photographs on the date of the offense was to try to locate her mother's missing cattle. The defendant contends that this reason for taking photographs obviously was inadequate because the only way to identify the cattle was to compare the numbers on their small ear tags. The defendant claims that the photographs of the cattle would not be sufficient to aid in such identification and asserts that the real reason why the victim was taking photographs of the defendant and his property was simply to harass him. He points to the victim's trial testimony that she had been following the defendant and taking notes and photographs of "everything" for approximately four years.
The defendant contends that the trial court erred in restricting his cross-examination of the victim by preventing him from questioning her on this "real reason" for following and photographing the defendant and his property. We disagree and find no error in the trial court's ruling. As the State correctly notes in its brief to this Court, the defendant's argument on this assignment of error appears to suggest that he was justified in throwing this ball bearing through the victim's rear window because she was harassing him, and allowing him to cross-examine the victim on her real reason for photographing and following the defendant would have established such harassment. However, the victim's reason for taking photographs, whatever it might have been, was not relevant to the only issues in this case, which were: (1) the identity of the person who threw the ball bearing through the victim's rear window; and (2) whether or not it was foreseeable that the victim's life was endangered by this act. Even if the victim was following and photographing the defendant and his property for the specific purpose of harassing him, on the date of this offense the victim was not breaking any laws or posing any threat to the defendant or his property. Before the ball bearing was thrown, the victim's car was parked on the side of the road and she never addressed the defendant or entered his property, she merely took notes and photographs of the defendant's actions and his property. Under these circumstances, the defendant clearly had no legal justification for throwing a ball bearing through the victim's rear window. Moreover, even assuming that this line of questioning on the victim's reason for taking photographs might have had some slight relevance to another issue, such as bias (i.e., establishing that the victim and other family members suspected the defendant of wrongdoing and/or mismanagement of the corporation), in light of the other testimony by several State witnesses and the defendant indicating a definite disagreement among family members over the management of this corporation which had actually resulted in protracted litigation, any error in restricting this line of questioning was harmless beyond a reasonable doubt. See La.C.Cr.P. art. 921.
*962 For the above reasons, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.