655 So.2d 790 (1995)
STATE of Louisiana
v.
Daniel SHORT.
No. 94-KA-0233.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1995.
*791 Harry F. Connick, Dist. Atty. of Orleans Parish, Susan M. Erlanger, Asst. Dist. Atty. of Orleans Parish, New Orleans, for appellee.
Mark S. McTernan, McTernan & Parr, New Orleans, Anne Turissini, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, JONES and WALTZER, JJ.
JONES, Judge.

Facts
This appeal arises from the conviction and sentencing of defendant Daniel Short for aggravated rape. The defendant was married to Ruth Ann Short, the mother of eight year old T.D. The defendant was a seaman who worked offshore several weeks at a time. Ruth Ann worked as a barmaid at nights. When the defendant came home, he would take care of T.D. while her mother was at work. During the summer of 1991, T.D. revealed to C.C., a family-friend, that the defendant had molested her.
On April 23, 1992, a jury convicted defendant of aggravated rape by a vote of 10 to 2. The trial court scheduled sentencing for May 7, 1992. On May 7th, the court postponed the matter until May 19, 1992. At this point, the minutes entered in the docket master conflict with the record. The minutes suggest that the trial court granted defendant's motion for a new trial on May 28, 1992, and set the date for the new trial for June 19, 1992. But the order signed by the judge on May 28, 1992 declares that on June 19, 1992, the state should show why a motion for new trial should be denied. On December 11, 1992, the trial court denied the motion for new trial and sentenced the defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.
On appeal, the following assignments of error have been cited by counsel: first, the *792 defendant was denied a fair trial when the trial court failed to grant defendant's request for a mistrial after a juror admitted in camera that she was a victim of child abuse; second, the defendant was denied a fair trial when the trial court prevented him from developing defenses during direct and cross examination of the witnesses; third, the defendant was denied a fair trial because of his indigence or ineffectiveness of his appointed counsel; and finally, the trial court admitted hearsay when it allowed testimony of molestation other than the victim's initial complaint of sexual assault. The defendant has also assigned two errors pro se. First, he claims that the trial court committed reversible error by disregarding the motion for new trial that was granted and sentencing the defendant under an invalid conviction. Secondly, he contends that the trial court committed reversible error when it overruled defense counsel's objection to excluding Dr. Susan White from the sequestration order.
Having reviewed the entire record, we affirm defendant's conviction and sentence.

Discussion

1. Assignment of Error no. 1.
The defendant claims that the lower court's denial of his request for mistrial produced an unjust structural trial defect which is per se unconstitutional reversible error. Defendant alleges that immediately before the beginning of the trial seven of the jurors who were empowered to decide his fate witnessed a fellow juror proclaim herself a victim of similar abuse. More specifically, defendant alleges that juror # 50 broke down in the jury box during voir dire and announced that she could not be impartial since she had been a victim of childhood sexual abuse. As a result of the court's failure to grant a mistrial, the appellant argues that he was tried by a panel composed of jurors he would not have selected had he been able to remove juror # 50 for cause before she was seated.
Pursuant to the provisions of La. C.Cr.P. art. 770 a court must order a mistrial:
when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official ... refers to (1) race, religion, color or national origin...; (2) another crime committed or alleged to have been by the defendant ...; (3) the failure of the defendant to testify...; or (4) the refusal of the judge to direct a verdict....
The remark made by juror # 50 falls outside the scope of the mandatory mistrial provision. However, a mistrial may be ordered when the false statements of a juror on voir dire prevent a fair trial. La.C.Cr.P. art. 775(6). The decision to grant a mistrial under such circumstances is discretionary and will not be disturbed on appeal absent a clear showing of abuse. State v. Martin, 558 So.2d 654 (La.App. 1st Cir.1990), writ denied, 564 So.2d 318 (La.1990).
A review of the voir dire transcript fails to support defendant's contentions. The transcript indicates that juror # 50 did not break down in the jury box. Juror # 50 discussed her ability to be impartial in the judge's chamber in the absence of the jury. Moreover, the juror was never asked during voir dire if she was a victim of any type of sexual abuse. Therefore, she was not given an opportunity to reveal it. This assignment is without merit.

2. Assignment of Error no. 2.
In his second assignment of error the defendant alleges that the trial court engaged in a pattern of rulings which effectively defeated the defense counsel's efforts to develop his case in chief or to confront and cross-examine the prosecution's witnesses. More specifically, the defendant contends that the trial court prevented the defendant from demonstrating: 1) that his wife was having an illicit affair with a new boyfriend; 2) that she was spending his paycheck on drinking and carousing; 3) that T.D. preferred the new boyfriend over the defendant; and 4) that several men, including the new boyfriend, had access to T.D., who was lying about the defendant in order to assure that he did not interfere with her mother's relationship with the new boyfriend.
It is well-settled law that the defense should be allowed substantial freedom *793 in cross-examining State witnesses. State v. Trosclair, 584 So.2d 270, 275 (La.App. 1st Cir.1991), writ denied, 585 So.2d 575 (La. 1991). A defendant's right to present a defense is sanctioned constitutionally. Id. (citing La.R.S. 15:435; and State v. Bennett, 517 So.2d 1115, 1118 (La.App. 1st Cir.1987), writ denied, 523 So.2d 1335 (La.1988)). But the trial court may curtail such freedom when the questions asked are irrelevant or immaterial to the case. Id. (citing State v. Mayes, 325 So.2d 591, 592 (La.1976)). Questions are of a material issue if they are of importance to the case. Id. (citing State v. Ludwig, 423 So.2d 1073, 1078 (La.1982)). Questions are relevant if they tend to prove or negate the commission of the offense and the intent. Id. (citing LSA-R.S. 15:441). In questions of relevancy, much discretion is vested in the trial court. Id. (citing State v. Andrews, 451 So.2d 175, 178 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984)). Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. Id.
The record shows that the trial court did not preclude the defendant from attacking the victim's credibility during cross and direct examinations. For instance, during the cross-examination of the victim, the court permitted the defendant to reveal T.D.'s bias against the defendant over objections made by the state. The defense counsel asked the following questions:
Q: Did you ever tell your mom that you didn't want her to be married to [Dan]?;
Q: You didn't like the house that your mother and you occupied when you lived with Dan?
Defense counsel also established that the victim likes her mother's new boyfriend, Robert, and wants her mother to marry him. Moreover, while the defense was presenting his case in chief, the defendant revealed the victim's motives when he testified that the victim had made the same allegations about her dad when she didn't want him around. Finally, the direct examination of the victim's mother also revealed the victim's dislike for the defendant. When the defense counsel asked Ruth Ann Short whether T.D. had ever indicated that she did not like Daniel, she responded, "Doesn't every child."
During the cross examination of C.C., the defense was allowed to ask whether the victim's mother and Robert had actually began to live together while she was still married to Dan. This question clearly placed the issue of the adulterous affair between the victim's mother and Robert in evidence.
In addition to attacking the victim's credibility and suggesting the adulterous affair, the court permitted the defendant to introduce the idea that somebody or something else caused the victim's vaginal scar tissue. The defendant testified that T.D. had injured her vagina while at school, thus alerting the jury to another potential cause of the scar tissue. Wayne Venz also testified on direct that Robert had on many occasions visited Ruth Ann's home while the victim was alone. Thus, the defense utilized Venz's testimony to imply that another man also had access to the victim.
The trial court did not prevent the defendant from developing his theories of the case. During direct and cross-examinations, the defendant was permitted to attack the victim's credibility and alert the jury to other causes of T.D.'s scar tissue. Thus, this assignment is without merit.

3. Assignment of Error no. 3.
The defendant claims that he was denied a fair trial due to his indigence or his counsel's incompetence. The defendant's appointed counsel allegedly failed to take the following measures to ensure a fair trial: employ a psychological expert to assist counsel in detecting false claims of child abuse and presenting such an expert's testimony at trial to show that the victim was lying; secure medical records related to the traumatic vaginal injury the victim received at school to show that the scar tissue was not caused by the defendant; and finally, investigate the complaints of child molestation filed against T.D.'s father when she was three years old to show that the child has made such false accusations in the past to remove someone from her home. The defendant also contends that defense counsel could have obtained state funds to pay for further investigation *794 necessary to guarantee his indigent client a fair trial.
A claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief filed in a trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La. 1984); and State v. Sparrow, 612 So.2d 191 (La.App. 4th Cir.1992). However, the claim may be addressed on appeal if the record contains the evidence necessary to evaluate the merits. State v. Seiss, 428 So.2d 444 (La.1983); and State v. Kelly, 639 So.2d 888 (La.App. 4th Cir.1994), writ denied, 648 So.2d 921 (La.1995).
The present record does not contain the evidence to evaluate the merits of defendant's claim of ineffective assistance of counsel. The present record does not indicate why trial counsel did not do what defendant argues he should have done. The record mainly reveals what may have been counsel's trial strategy. In addition, the record also lacks evidence suggesting that defendant's indigence prevented him from retaining investigators or experts. Defendant is not precluded from asserting these claims in an application for post-conviction relief where the necessary evidentiary hearing may be held. The present record simply does not permit this court to address the actual merits of the claim of ineffective assistance of counsel.

4. Assignment of Error no. 4.
The defendant alleges that the trial court erroneously permitted the introduction of hearsay at his trial. According to article 801(C) of the Louisiana Code of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Article 801(D) defines several types of prior statements by a witness which are not hearsay. Specifically, a statement is not hearsay if it is "[c]onsistent with the declarant's testimony and is one of initial complaint of sexually assaultive behavior." La.C.E. art. 801(D)(1)(d). "In all of the circumstances described as non-hearsay ..., the declarant must testify at trial and be subject to cross-examination concerning the statement." State v. Moran, 584 So.2d 318, 322 (La.App. 4th Cir.1991) (citing La.C.E. art. 801(D)(1)), writ denied, 585 So.2d 576 (La.1991).
Based on the foregoing, the defendant argues that C.C.'s testimony about the sexual allegations constitute hearsay because it is not the victim's initial complaint of sexual assault. The defendant claims that T.D. spoke first to C.C.'s daughter, B., about sexual contact with the defendant. B. reported the allegations to her mother. B., however, was never called to testify at the trial.
However, a review of the trial transcripts reveals that the defendant never objected to C.C.'s testimony. The failure to object precludes appellate review of this issue. La. C.Cr. art. 841; and La.C.E. art. 103. This assignment of error is without merit.

5. Pro Se Assignment of Error no. 1.
The defendant alleges that the trial court disregarded its order of a new trial and sentenced the defendant under an invalid conviction. According to La.C.Cr.P. art. 857 the effect of granting a new trial is to set aside a verdict or judgment and to permit retrial of the case with as little prejudice to either party as possible. Therefore, once a new trial order has become final, the trial court is without authority to rescind that order and impose sentence on the original charge. State v. Benoit, 492 So.2d 60, 61 (La.App. 1st Cir.1986).
In the instant case, however, the trial court did not grant defendant's motion for a new trial. On May 28, 1992, the trial judge simply signed an order which scheduled an opportunity for the state to show cause why the motion should not be granted and set a hearing date of June 19, 1992. The defendant relies upon an erroneous minute entry to make his claim. But when there is a conflict between the minute entry and the transcript, the latter prevails. State v. Jones, 557 So.2d 352 (La.App. 4th Cir.1990). Thus, this assignment of error is without merit.

6. Pro Se Assignment of Error no. 2.
The defendant alleges that the trial court erred in overruling defense counsel's *795 objection to excluding Dr. Susan White from the sequestration order. The purpose of sequestration is to assure that a witness will testify as to his own knowledge of events, to prevent the testimony of one from influencing the testimony of others. State v. Babin, 637 So.2d 814, 820 (La.App. 1st Cir. 1994), writ denied, 644 So.2d 649 (La.1994); See also State v. Evins, 626 So.2d 480 (La. App. 3d Cir.1993). However, in the interest of justice, the trial court may exempt any witness from its order of exclusion. La.C.E. art. 615 A. Such a ruling will not be disturbed on appeal absent an abuse of discretion. Evins, 626 So.2d at 490 (citing State v. Williams, 346 So.2d 181 (La.1977)).
In this case, the purpose of sequestration was not subverted by excluding Dr. Susan White from the sequestration order. Dr. White's testimony was limited to her medical examination of the victim. There is no evidence that White's testimony was tainted or influenced by the victim's earlier testimony. In fact, on both direct and cross examination, Dr. White admitted that she did not know who or what was the source of the victim's scar tissue. The defendant was not materially prejudiced by the trial court's exemption of White from the sequestration order. Thus, this assignment is also without merit.
Based on the foregoing, we affirm the defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.