681 So.2d 463 (1996)
STATE of Louisiana, Appellee,
v.
Steven WINNON, Appellant.
No. 28654-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1996.
*464 Lavalle Salomon, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Charles Brumfield, *465 L. Douglas Lawrence, Assistant District Attorneys, for appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
CARAWAY, Judge.
Defendant, Steven Winnon, was charged by bill of information with aggravated obstruction of a highway in violation of La.R.S. 14:96 and second degree battery in violation of La.R.S. 14:34.1. After a bench trial, the district judge found defendant guilty as charged and imposed concurrent maximum sentences of fifteen and five years at hard labor, respectively, and denied a timely motion for reconsideration. On appeal, defendant urges the evidence was insufficient to prove the commission of the offenses beyond a reasonable doubt and that the sentences are excessive. We affirm the conviction and sentence for the battery, affirm the conviction for aggravated obstruction of a highway but remand for resentencing on this count.

FACTS
Defendant, Steven Winnon, visited the residence of Evelyn Aldridge's adult son, Don, on November 16, 1994. Mrs. Aldridge, the 63-year-old victim, owns the house in which her son lives. When Mrs. Aldridge stopped to see her son and saw the defendant's car, she told her son to tell defendant to leave the house. Mrs. Aldridge left without personally confronting the defendant, but returned later to Don's house to see if the defendant had left.
While returning to her home from this second visit after dark, Mrs. Aldridge saw defendant parked in his truck with the lights off, "waiting" for her, at an intersection of two parish roads. Mrs. Aldridge stated that immediately after she passed his vehicle, the defendant "came roaring out onto the Dent Cockrell Road throwing gravel and dirt and everything just as fast as he could." Defendant passed Mrs. Aldridge then maneuvered his truck perpendicular to the direction of travel, obstructing the entire roadway, to block her passage on the road. The road was described as a narrow, black top, rural road with no marked center line and no street lights. The testimony revealed that there were twelve houses along the short stretch of highway with other rural roads intersecting the highway.
The defendant walked to the victim's truck yelling and cursing at her, broke the driver side window, reached inside, unlocked and opened the door, and pulled the 63-year-old victim out onto the roadway. After receiving numerous blows to her face and head, the victim became dazed. She stated: "The next thing I knew I was laying on the asphalt road." Defendant got back in his truck and left the scene, leaving the victim lying in the roadway. After regaining her equilibrium, Mrs. Aldridge drove home and called the police who escorted her to a local emergency room where she was treated and released.
The victim went to her family physician the next daywhich the state erroneously billed as the date of the offenses. Dr. Cox determined the victim had swelling around her left eye and nose, a fractured upper right tooth, and a fracture of the orbit of the right eye. The medical testimony indicated that the force used to inflict those injuries would be sufficient to render someone unconscious. The swelling, pain, and numbness persisted for six weeks to two months and Mrs. Aldridge still experienced occasional stinging sensations in her face at the time of the trial10 months after the attack. Dr. Cox testified that the victim's description of losing track of what was happening and finding herself on the ground was consistent with being unconscious or disoriented.
Barbara Hart, whose house is about 80 feet from the scene of the attack, saw defendant's truck "whip around" the little truck and pull it over in front of her house. The defendant jumped out of his truck and went to the victim's, cursing on the way. Ms. Hart was not able to see the defendant's actions after pulling the victim from her truck due to the darkness, although she did see the victim on the ground at one time.

DISCUSSION
The defendant concedes he committed a battery, but urges that the state failed to prove he committed the offense on November 17 as alleged in the bill of information. *466 Defendant also raises this argument with regard to his conviction for aggravated obstruction of a highway. The trial testimony clearly proves the offenses occurred on November 16. Defendant ignores the fact that the bill charged the offenses occurred "on or about" November 17.
La.C.Cr.P. art. 468 provides that the date of the commission of an offense need not be alleged unless it is essential to the offense [for example, if there's a potential problem with the statute of limitations or to establish a child victim's age]. When the date is not essential to the offense, an indictment shall be not held insufficient if it does not state the proper date, even if it states the offense to have been committed on an impossible day such as a day after the return of the indictment.
The jurisprudence holds that this immaterial defect of form is not a ground for relief where the defendant made no motion for recess and did not contend he was surprised or prejudiced by the error. State v. Hernandez, 410 So.2d 1381 (La.1982).
Defendant also argues that the state failed to prove beyond a reasonable doubt the element of unconsciousness or serious bodily harm. Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily harm. "Serious bodily harm" means bodily injury which involves unconsciousness, extreme physical pain ... or a substantial risk of death. La.R.S. 14:34.1. Defendant urges that Mrs. Aldridge's injuries were not severe in light of the slight medical treatment the victim received the next day. The state argues that this attack subjected the elderly victim to a substantial risk of death. As a result of the brutal beating by the defendant, Mrs. Aldridge experienced pain and swelling which persisted for months. The blows inflicted by the defendant rendered Mrs. Aldridge either unconscious or disoriented. The evidence is more than sufficient to show extreme physical pain or substantial risk of death. See State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1204.
Defendant also asserts the state failed to prove beyond a reasonable doubt that he committed the offense of "aggravated obstruction of a highway of commerce," a violation of La.R.S. 14:96. The statute defines this offense as "the intentional or criminally negligent placing of anything, or performance of any act, on any ... road, highway, [or] thoroughfare ... where it is foreseeable that human life might be endangered." Defendant urges there was no obstruction and that there was no proof that human life was endangered.
Two other aggravated crimes that have as an element the foreseeability that human life might be endangered are aggravated criminal damage to property and aggravated arson. See State v. Bourg, 615 So.2d 957 (La. App. 1st Cir.1993); State v. Love, 611 So.2d 753 (La.App. 4th Cir.1992). Both opinions examined the circumstances of the defendant's actions and determined that a reasonable person could have concluded that the act of throwing a ball bearing through a car window or starting a fire in a house where people were sleeping was a foreseeable danger to human life.
We note at the outset that the definition of the lesser, misdemeanor offense of "simple obstruction of a highway of commerce," La. R.S. 14:97, occurs under the same circumstances in the absence of foreseeable danger to human life in situations where obstructions render movement on the highway more difficult. These offenses, insofar as they pertain to highways, have as their focus the protection of other motorists who may be seriously harmed (the felony offense) or merely impeded by obstructions (the misdemeanor offense).
The obstructions to the roadway caused by the defendant's actions in this instance resulted from the positioning of the defendant's truck across the roadway and the stoppage of Mrs. Aldridge's truck upon the road. Additionally, the defendant was content to leave the scene with Mrs. Aldridge lying dazed in the roadway beside her truck. Therefore, regardless of the amount of time that Mrs. Aldridge actually remained dazed from the defendant's beating, the defendant left the roadway in such state that it was at *467 least partially blocked with Mrs. Aldridge's body and her truck creating a significant possibility that other motorists could unexpectedly encounter the situation and risk danger to human life.
From this evidence we believe that the state did prove that danger to human life was foreseeable because of the defendant's intentional obstructions of the roadway. We, like the trial judge, can make this determination independent of the danger to Mrs. Aldridge's life resulting from the extreme bodily harm inflicted upon her by the defendant's other crime of second degree battery. The defendant's outrageous conduct also created a serious risk of danger to public safety which is the focus of the charge of aggravated obstruction of the highway.
Finally, defendant asserts the concurrent, maximum sentences imposed by the trial court are excessive.
Because sentence was imposed on October 24, 1995, which is after the August 15, 1995 effective date for the repeal of the Louisiana Sentencing Guidelines, the trial court did not err by not referring to them. See U.S. v. Brown, 920 F.2d 1212 (5th Cir.1991), cert. denied, 500 U.S. 925, 111 S.Ct. 2034, 114 L.Ed.2d 119.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of La.C.Cr.P. art. 894.1. State v. Lobato, 603 So.2d 739 (La. 1992). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. McGraw, 616 So.2d 262 (La.App. 2d Cir. 1993).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La.Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Freelon, 26,938 (La. App.2d Cir. 5/10/95), 655 So.2d 687. However, a trial court has wide discretion to sentence within the statutory limits and absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Caros, 623 So.2d 207 (La.App. 2d Cir.1993); State v. Harris, 561 So.2d 792 (La.App. 2d Cir.1990).
Regarding the offense of second degree battery, this 30-year-old defendant has a history of violence. The PSI report contained information regarding defendant's family data and the effect incarceration would have on his employed wife and two children. The court determined that the defendant, who is over six feet tall and weighs 215 pounds had committed a senseless and violent attack upon an elderly woman. Defendant *468 had 34 misdemeanor arrests, including resisting arrest, aggravated battery, reckless operation, three simple battery charges, and two for simple criminal damage to property, but most of them had been dismissed for reasons which did not appear of record. Defendant had convictions for resisting an officer "to the extreme" and for simple battery upon a police officer. The trial judge said the offense of conviction, second degree battery, did not adequately describe defendant's conduct. The victim had spent $2000 on medical bills. There was no justification or excuse for defendant's acts of battery nor were there any mitigating factors. The court made reference to the photographs of the victim's battered face and concluded the defendant was the worst type of offender for whom the maximum punishment was appropriate.
State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1204 and State v. Abercrumbia, 412 So.2d 1027 (La.1982), cited by the defendant in support of a lesser sentence, are easily distinguishable from this case in that the defendants did not lie in wait for the victims nor were the injuries inflicted in those cases as severe as Mrs. Aldridge's.
In State v. Scriber, 605 So.2d 661 (La. App. 2d Cir.1992), the battery victim sustained a broken collarbone, fractured right knee, two fractured ribs, bruises on her eye, kidneys, and 20 bruises elsewhere on her body. This court affirmed a two-year sentence for this crime of second degree battery. Although we determined this two-year sentence was within the range of appropriate sentences, the ruling did not mean that it was the highest sentence that could have been imposed and affirmed. In other words it appears to us that the trial court in Scriber was lenient. In State v. Dugas, 441 So.2d 824 (La.App. 3d Cir.1983), the defendant beat the female victim on the face, and she suffered nerve damage as did the victim here. Defendant Dugas's five-year sentence was not excessive. He had three felony convictions, including other batteries on women.
In this case, the defendant has been involved in prior fights with police officers, has 34 arrests, and several convictions for crimes of violence. This shows he has no regard for the law. He created a great risk of injury by repeatedly battering this elderly victim's face and head. Defendant's maximum five year sentence for second degree battery is not excessive.
The defendant's maximum fifteen year sentence for aggravated obstruction of a highway, however, is excessive. As stated above, when the proper focus of this offense is considered, the serious risk of harm to the general public's safety must be measured. Understandably, the defendant's outrageous beating of this elderly victim, which might have been prosecuted as attempted manslaughter and punished with up to twenty years in prison, obviously influenced the court's imposition of the maximum sentence. Nevertheless, we believe that the sentence for this offense aimed at the protection of other motorists must be determined apart from actual battery committed upon Mrs. Aldridge.
In State v. Keltner, 542 So.2d 42 (La.App. 2d Cir.1989), writ denied, 548 So.2d 1228, defendant received a three-year sentence for aggravated obstruction of a highway. Keltner was negligently driving on the shoulder when a bus ran into his truck. Here, the defendant intentionally obstructed the highway as part of his plan to commit a premeditated brutal beating. Contrary to defendant's assertion that aggravated obstruction ended prior to the beginning of the battery, the highway remained obstructed during the pummeling of Mrs. Aldridge and thereafter until she was able to drive away. It is important to note that the defendant drove away with Mrs. Aldridge lying in the road beside her parked truck with the likely possibility that another motorist would confront the blocked roadway with the possible loss of life or serious injury. The defendant exhibited gross disregard for the safety of anyone else who might drive down the darkened rural road.
Nevertheless, we believe that the maximum fifteen year sentence for this offense is reserved for the defendant who intentionally obstructs a major avenue of commerce or whose intentional act results in *469 death or serious injury to an unsuspecting motorist. Both of these factors are missing from the defendant's commission of this crime in this case which, again, must be viewed apart from the battery for which the defendant received the maximum sentence. Therefore, the most severe sentence which the trial court could impose under the Louisiana Constitution is ten years at hard labor. Accordingly, the fifteen year sentence for aggravated obstruction of a highway is reversed and the case is remanded for resentencing on this count.

ERROR PATENT REVIEW
The record shows that the trial court judge incorrectly informed the defendant of the prescriptive period for post-conviction relief. The judge stated that defendant had "three years from today within which to file any motions for post-conviction relief or an out of time appeal. * * * [A]nd the clock starts ticking today." The correct prescriptive period is "three years after the judgment of conviction and sentence has become final under provisions of Article 914 or 922." La. C.Cr.P. art. 930.8. With regard to the conviction and five year sentence for second degree battery which we now affirm, the trial court is directed to inform the defendant of the correct provisions of this article by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of these proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Harvey, 26,613 (La.App.2d Cir. 1/25/95), 649 So.2d 783.

CONCLUSION
For the reasons expressed above, defendant's conviction and sentence for second degree battery are affirmed. Defendant's conviction for aggravated obstruction of a highway is affirmed; however, defendant's fifteen year sentence is vacated and the case is remanded for resentencing in accordance with the principles expressed herein.