561 So.2d 941 (1990)
STATE of Louisiana, Appellee,
v.
Jessie James CASTON, Appellant.
No. 21488-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Captan Jack Wyly, Lake Providence, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James David Caldwell, Dist. Atty., Tallulah, George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before HALL, MARVIN and SEXTON, JJ.
SEXTON, Judge.
Defendant appeals his conviction for manslaughter, arguing that the district court erred when it gave the jury an Allen charge after the court was advised that the jury was deadlocked. We affirm.
Defendant was charged with manslaughter in the death of one John M. O'Fallen. None of the facts giving rise to the charge are relevant for the purpose of this appeal and will not be recited herein.
On the last day of defendant's trial, following the presentation of evidence, the district court charged the jury and it retired to begin deliberations at 2:25 p.m. That evening, at 8:00 p.m., the jury returned to the courtroom and advised the trial judge that they were deadlocked.
The trial judge then delivered an additional jury charge, instructing the jury to continue its deliberations and asking those with the minority viewpoint to reconsider their conclusions, though advising them not to yield if they were firmly convinced of the correctness of that result.
*942 The defendant did not object to the giving of this charge.
The jury then returned to its deliberations at 8:10 p.m. At 9:21 p.m., the jury returned to the courtroom and reported a verdict of guilty as charged.
The defendant was subsequently sentenced in accordance with the conviction and now appeals, urging as error solely the propriety of the district court's use of the charge to break the deadlock, contending that it was an impermissible Allen charge.
The Allen charge stems from the United States Supreme Court decision in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). In that case, the court approved of a charge designed to break jury deadlocks and achieve jury unanimity. The predominant thrust of the original Allen charge was that the minority block of the jury, regardless of whether they were for conviction or acquittal, should reconsider the reasonableness of their opinion, as it was not shared by a majority of the jury.
The Louisiana Supreme Court expressly disapproved of an Allen charge and held that the giving of such a charge, or any modification thereof, constituted reversible error. State v. Nicholson, 315 So.2d 639 (La.1975). In commenting on the charge in Nicholson, the Louisiana Supreme Court noted:
The first paragraph of the substantive part of the charge emphasizes that there must, "sooner or later," be a disposition of the case. The court focuses on the lack of any basis for believing that the case could later be tried better by a more intelligent, more impartial or more competent jury, unmistakably indicating to the lay jury that if the case were to end in a mistrial it would definitely have to be tried again. The tenor of such instructions, in conveying to the deadlocked jury the impression that their inability to reach a verdict would absolutely insure the expenditure of time and money necessitated by a complete retrial, is somewhat misleading. "* * * Despite the possibility that a case may be retried and decided, the prosecution may conclude after a mistrial that it simply does not possess evidence sufficient to justify another trial and decide to drop charges completely. * * *" We believe that the implications of this portion of the charge are misleading and present a substantial risk that a juror or jurors possessed of a genuine conviction that reasonable doubt exists would thereby be coerced into agreement with a majority voting to render a guilty verdict.
State v. Nicholson, supra at 641-42 (citations omitted).
The pertinent portion of the charge at issue states:
If a substantial majority of your number are for a conviction, each dissenting juror ought to consider whether a doubt in his or her own mind is a reasonable one, since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought seriously to ask themselves again and most thoughtfully whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors, and whether they should distrust the weight and sufficiency of evidence which fails to convince several of their fellow jurors beyond a reasonable doubt. Remember at all times that no juror is expected to yield a conscientious conviction that he or she may have as to the weight or effect of the evidence, but remember also, after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt, the accused should have a unanimous verdict of not guilty. You may be as leisurely in your deliberations as the occasion may require, and should take all the time which you feel is necessary. I will ask now that you try once again and continue in your deliberations with these additional comments in mind to be applied of course in conjunction with all the instructions *943 I have previously given unto you, and with that, would you please return and continue your deliberations.
However, there was no contemporaneous objection to the instant charge by the defendant. A party may not assign as error the giving or failure to give a jury charge or any part thereof unless an objection is made before the jury retires or within such time as the court may reasonably cure the error. LSA-C.Cr.P. Art. 801; State v. Knight, 323 So.2d 765 (La.1975); State v. Ruple, 437 So.2d 873 (La.App. 2d Cir.1983). An objection to jury instructions comes too late when presented for the first time in a motion for new trial. State v. Neal, 275 So.2d 765 (La.1973); State v. Washington, 225 La. 1021, 74 So.2d 200 (1954). Erroneous jury instructions are not considered errors patent and, absent a contemporaneous objection, a defendant may not on appeal complain of the judge's charge to the jury. State ex rel. Ross v. Blackburn, 403 So.2d 719 (La.1981); State v. Stramiello, 392 So.2d 425 (La.1980).
As our supreme court has noted, LSA-C.Cr.P. Art. 808 contemplates additional instructions once jury deliberations have begun with only two major limitations. These are that the judge may not comment on the facts nor may the judge attempt to coerce the jurors into agreeing on the verdict. State v. Schamburge, 344 So.2d 997 (La.1977).
Only in limited circumstance has the Louisiana Supreme Court made an exception to the contemporaneous objection rule with respect to a jury charge. In State v. Williamson, 389 So.2d 1328 (La.1980), erroneous instructions with respect to the elements of the offense which were not objected to were said to be "of such importance and significance as to violate fundamental requirements of due process." State v. Williamson, supra at 1331.
The reversal in State v. Green, 493 So.2d 588 (La.1986), where on appeal the defendant attacked the unobjected failure of the trial court to give a limiting instruction in a recidivist statute prosecution was also determined to reach due process dimensions.
The instant charge, while it does contain some of the objectional aspects of Nicholson, does not seem coercive in its total context and may not rise to the Allen-Nicholson level. We do not perceive that the charge is so fundamentally unfair that it deprives a defendant of due process. We therefore conclude that the failure to lodge a contemporaneous objection to the instant charge is fatal to the defendant's position.
Moreover, there also remains the possibility that the failure to object to the Allen charge was a calculated choice by the defendant's attorney. It is at least conceivable that defense counsel believed the jury was more likely to return a verdict of not guilty rather than guilty after hearing the Allen charge. Failing to object to the Allen charge may thus have been the defendant's strategy, relying on the possibility of a not guilty verdict rather than a hung jury, the subsequent granting of a mistrial and the possibility of retrial. In any event, the defendant's failure to object precludes his assertion of this assignment of error on appeal.
We thus conclude that defendant may not complain of the Allen charge given to the jury to break its deadlock where he failed to object at the time of the instruction or prior to the jury's returning of a verdict. Accordingly, defendant's conviction is affirmed.
AFFIRMED.
MARVIN, J., concurs and assigns written reasons.
MARVIN, Judge, concurring.
I would distinguish this charge from the Nicholson charge because this charge, in my opinion, does not violate fundamental fairness. I emphasize that these jurors were told simply to consider the reasonableness of their individual determination in the light of the contrary determination by others, whether in the majority or minority count, and to
Remember at all times that no juror is expected to yield a conscientious conviction... as to the weight or effect of the evidence ... but remember also ... it is *944 your duty to agree upon a verdict if you can do so without surrendering your conscientious convictions.

You must also remember that if the evidence ... fails to establish guilt beyond a reasonable doubt, the accused should have a unanimous verdict of not guilty.
The failure of defendant's counsel to object to the charge, when given or during the hour and twenty minutes before the jury reached a verdict, enervates, in my opinion, his contention on appeal that the charge was fundamentally unfair.
Because the charge stresses unanimity to overcome the deadlock primarily in the context that "if the evidence fails to establish guilt beyond a reasonable doubt, the accused should have a unanimous verdict of not guilty," defendant's counsel may have deliberately decided not to object. I suggest that this is true whether the majority of the deadlocked jurors was perceived by counsel as being in favor of acquittal or of conviction.
The tenor of the charge in question, unlike the Nicholson charge, does not "unmistakably" indicate that if the case were to end in a mistrial it would have to be tried again, "conveying the impression" that their verdict would insure against the expenditure of time and money for a retrial.