606 So.2d 38 (1992)
STATE of Louisiana
v.
Sherman CAMPBELL.
No. 92-KA-0161.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1992.
Richard Ieyoub, Atty. Gen., Darryl W. Bubrig, Sr., Dist. Atty., Parish of Plaquemines, Pointe-A-La-Hache, and Gilbert V.
*39 Andry, III, Asst. Dist. Atty., New Orleans, for appellee.
Timon Webre, Pointe-A-La-Hache, for appellant.
Before BARRY, PLOTKIN and LANDRIEU, JJ.
PLOTKIN, Judge.
Defendant, Sherman Campbell, was charged with possession of cocaine in violation of La.R.S. 40:967. Following a trial by jury, of 6 jurors, the defendant was found guilty as charged. Defendant was sentenced to three years at hard labor. The sentence was suspended and he was placed on two years of active probation with the conditions that he pay $20.00 per month to the Department of Probation and Parole, serve 180 days in the parish prison, enroll in and complete a substance abuse program, and pay $50.00 to the Plaquemines Parish Sheriff's Office. The defendant appeals the conviction and sentence. We reverse.
On March 30, 1991, at approximately 8:00 p.m. Deputy Scott Lott received a report of an automobile accident at Woodlawn Highway and Belle Chasse Highway. He investigated the accident and learned that the driver of one of the vehicles, a black pickup truck, had walked away from the scene. Deputy Lott received a description of the absent driver. He walked in the direction the driver was headed.
Deputy Lott found a man fitting the description lying on the side of Belle Chasse Highway. This man was the defendant, Sherman Campbell. Deputy Lott asked the defendant if he owned a black pickup truck and if he had just been in an accident. The defendant said that he had. Deputy Lott placed the defendant under arrest.
During a routine search of the defendant's person, Deputy Lott found an object wrapped in aluminum foil. He unwrapped it and found a three inch long metal tube containing a piece of metal gauze and a small foil package containing two small white rocklike objects which he believed to be crack cocaine. After chemical analysis the rocks were found to be aspirin and caffeine, not crack cocaine. However, there were traces of cocaine on the metal gauze.
After trial, the jury returned a verdict of guilty. However, upon polling of the jury at the request of the defendant, the first juror polled, Mr Terrance, stated that he did not agree with the verdict. The court then re-instructed the jury that under Louisiana law a jury of six persons must reach a unanimous decision. The jury returned a second time seeking re-instruction and review of some of the evidence. On the jury's third return, the court was informed that the jury was deadlocked and that it was believed the deadlock could not be broken. The court then replied by giving the following instruction.
Ladies and Gentlemen, you have only actually been in deliberations several hours. Perhaps as little as two hours excluding the lunch break. The hour is still as yet early. The Court finds that the verdict form is not in proper form because it does not in fact contain a verdict. I will reinstruct you very briefly on your role as Jurors [sic] and I will instruct that you resume your deliberations in an effort to attempt to arrive at a verdict. I will instruct you that if a substantial majority of your number are in agreement as to a verdict which is proper in this matter, the other Jurors [sic] are seriously to ask themselves again and most thoughtfully whether they do not have a reason to doubt the correctness of a judgment which is not shared by several or most of their fellow jurors. And whether they should reconsider the weight and sufficiency of the evidence or whether or not they should consider their perception of the weight and sufficiency of the evidence or lack of evidence. Remember at all times that no juror is expected to yield a conscientious conviction that he or she may have as to the weight or effect of the evidence. But, remember also, after full deliberation and consideration of the evidence in this case, it is your duty to agree upon a verdict if you can do so without surrendering *40 your conscientious conviction. You may be as leisurely in your deliberations as the occasion may require. And you should take all of the time that you feel is necessary. I will ask now that you try once again in continuing your deliberation with these additional comments in mind to be applied in conjunction with all of the other instructions that I have previously given to you. With that, I ask that you please return and continue your deliberations.
Counsel for the defense objected to this charge. Later, the jury returned a unanimous verdict of guilty. Again the jury was polled and it was learned that all jurors agreed with the verdict.
The charge given by the trial judge after it was discovered that the jury was deadlocked has been commonly referred to as an Allen charge, taken from the charge given in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), which the Supreme Court summarized in this way:
... that, although the verdict must be the verdict of each individual juror, and not the mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor, and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that, if much the large number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. Id at 501, 17 S.Ct. at 157.
Unquestionably the instruction given by the trial judge which asks the minority jurors to reconsider their position in favor of the majority and to come to a conclusion if possible is a modified version of the "Allen charge." In Allen the United States Supreme Court found no error with the charge. However, the "Allen charge" has been proscribed in Louisiana.
The Louisiana Supreme Court had cause to examine the impact of the "Allen charge" in State v. Nicholson, 315 So.2d 639 (La.1975). In Nicholson the Court noted that "... in recent years, a growing number of federal courts of appeal and state courts have expressly disapproved the use of an `Allen charge' and numerous law review commentaries have severely criticized this so-called `dynamite' charge," Id at 641, which is designed to dissolve the deadlocked jury. The Court then went on to ban all use of the "Allen charge" in Louisiana courts.
The "Allen charge" was terminated because of its coercive effect on the minds of jurors. First, the charge emphasized that the jury had a duty to decide the matter at hand, which implied that the trial judge will not accept a mistrial in the case. Second, when the duty to reach a verdict is coupled with the trial judge's admonition that those in the minority should reconsider their position there exists an almost overwhelming pressure to conform to the majority's view. The prohibitive elements of the "Allen charge" are present in the charge given to the jury in the instant case.
The instruction asks the jurors in the minority view to "ask themselves again, and most thoughtfully, whether they do not have a reason to doubt the correctness of a judgment which is not shared by several or most their fellow jurors." In addition the trial judge expounded that "... it is your duty to agree upon a verdict, if you can do so, without surrendering your conscientious conviction." Not only does this type of charge apply an impermissible amount of pressure upon those jurors in the minority to conform to the majority's view but it also confuses the jurors. By stating that the minority jurors should hold on to their conscientious convictions the court seems to re-enforce the views held by the minority. However, in the same breath the court is instructing the jury that it has a duty to reach a verdict and to consider strongly the position of the majority. Therefore, because those portions of the jury charge are coercive and confusing to the jurors, a conviction which is the direct result of such a charge, as in this case, must be reversed.
*41 Accordingly, the defendant's conviction and sentence are reversed and the case is remanded to the trial court for a new trial. All other issues raised by the defendant are pretermitted for the reasons stated herein.