687 So.2d 485 (1996)
STATE of Louisiana
v.
Larry JAMES.
No. CR96-472.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
*486 Robert Richard Bryant, Jr., V. Ed McGuire, III, Lake Charles, for the State.
Ronald F. Ware, Lake Charles, for Larry James.
Before DOUCET, C.J., and COOKS and SULLIVAN, JJ.
SULLIVAN, Judge.
Defendant, Larry James, was charged by bill of information with one count of distribution of cocaine, a violation of La.R.S. 40:967(A). On January 31, 1996, the jury returned a verdict of guilty as charged, and on February 2, 1996, defendant was sentenced to five years at hard labor, suspended, with three years supervised probation, subject to special conditions. Defendant now appeals his conviction, alleging four assignments of error, three of which are argued.

ERROR PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After review, we have discovered one error patent.
La.Code Crim.P. art. 873 states:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
(Emphasis added.)
The record indicates the trial court did not observe the required three-day delay after defendant was convicted before imposing sentence. Defendant was convicted on January 31, 1996, and sentenced two days later, on February 2, 1996. Thus, the instant sentence was technically premature.
A judgment shall not be reversed, however, for any error which does not affect the substantial rights of the accused. La. Code Crim.P. art. 921. The harmless error rule applies to Article 873 sentencing delays. State v. Williams, 460 So.2d 1100 (La.App. 2 Cir.1984), writ denied, 466 So.2d 1299 (La. 1985); State v. Henderson, 566 So.2d 1098 (La.App. 2 Cir.1990). In this case, defendant has not objected to the sentence imposed and does not claim any prejudice caused by the failure to observe the delay. Upon review of the record, we can find no prejudice resulting from the premature sentencing. The trial court sentenced defendant to the minimum penalty. This sentence was suspended, and defendant was placed on probation. Thus, this error was harmless.

ASSIGNMENT OF ERROR NO. 1
This assignment of error has been expressly abandoned by defendant and will not be considered on appeal. Uniform Rules of the Courts of Appeal, Rule 2-12.4.

ASSIGNMENTS OF ERROR NOS. 2, 3 & 4
In his second assignment of error, defendant contends the trial court erred in not declaring a mistrial when the jury, after deliberating for three hours, announced that it was unable to reach a verdict and was hopelessly deadlocked.
La.Code Crim.P. art. 775(2) states that a mistrial may be ordered, and in a jury case the jury dismissed when the jury is unable to agree upon a verdict. Thus, it is within the trial court's discretion to decide whether to declare a mistrial when a jury announces that it is deadlocked. The trial judge is not required to declare a mistrial at the initial sign of difficulty. State v. Lowenfield, 495 So.2d 1245 (La.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2259, 90 L.Ed.2d 704 (1986); State v. Worthen, 550 So.2d 399 (La.App. 3 Cir.1989). A trial court's decision whether to discharge a jury *487 if it announces that it cannot agree upon a verdict will not be set aside without a showing of palpable abuse. Lowenfield, 495 So.2d 1245; State v. Governor, 331 So.2d 443 (La. 1976). In State v. Nicholson, 315 So.2d 639 (La.1975), the supreme court recognized the authority of a trial court to give further instructions to a jury unable to agree upon a verdict. Therefore, the trial court did not err in refusing to declare a mistrial when the jury announced that it could not agree.
In his third assignment of error, defendant contends the trial court improperly instructed the jury to deliberate for another thirty minutes, after it announced that it was hopelessly deadlocked, and urged the jurors to reach an agreement. Defendant argues that this put undue pressure on the jurors voting with the minority, signaling to them that the trial judge wanted and expected a verdict.
In Nicholson, 315 So.2d 639, the supreme court set limits to the instructions that a trial judge can give to a jury after the jury announces it cannot reach a verdict. In Nicholson, the court held when a trial court gives a deadlocked jury an instruction that rises to the level of being an "Allen charge" or any "coercive modification" of an Allen charge, the trial court has committed reversible error. The Allen charge originated in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), where the United States Supreme Court approved a charge designed to break a jury deadlock and accomplish jury unanimity. One characteristic of an Allen charge is an admonition to the jurors in the minority to reconsider their opinion in favor of the majority in order to reach a decision. State v. Schamburge, 344 So.2d 997 (La.1977); State v. Washington, 93-2221 (La.App. 1 Cir. 11/10/94); 646 So.2d 448; State v. Caston, 561 So.2d 941 (La.App. 2 Cir.1990); State v. Campbell, 606 So.2d 38 (La.App. 4 Cir.1992). A second characteristic is the trial court implying to the jury that it must reach a decision because the trial court will not accept a mistrial. Id.
The Louisiana Supreme Court has banned the use of Allen charges and "modified" Allen charges to ensure that juror verdicts are not the product of coercion. Schamburge, 344 So.2d 997; Nicholson, 315 So.2d 639. "When the duty to reach a verdict is coupled with the trial court's admonition that those in the minority should reconsider their position, there exists an almost overwhelming pressure to conform to the majority's view." Washington, 646 So.2d at 454-455.
In the present case, the jury announced it was not able to reach a verdict after three hours of deliberation. When the trial court asked the jury foreman if he thought the jury would be able to reach a verdict with additional deliberation, the foreman answered, "At this time, no, your Honor." The trial court then ordered the jury taken out and recessed court for fifteen minutes to research case law concerning instructions a trial judge can give to a jury when the jury announces it cannot reach a verdict. After the recess, the trial court gave the following instruction to the jury:
All right. I have this additional instruction for you to consider and act on. This is an important case, and I'm going to return you to deliberate for thirty more minutes and urge you to come to an agreement. Do not, however, surrender your individual opinions just to reach a verdict, but do consider the other juror's views whether you're in the minority or in the majority, consider the other's views and weigh it against your own conclusions, and I'll have the jury return to further deliberate for thirty minutes.
In giving this instruction, the trial court did not imply to the jurors that it would not accept a mistrial, nor did it attempt to coerce the jury members holding the minority viewpoint to accept the majority position. The trial court's instruction does not contain the restrictive elements that characterize an Allen charge or a modified version of an Allen charge. It was also within the discretion of the trial court to "urge [the jurors] to come to an agreement." In Governor, 331 So.2d at 453, the Louisiana Supreme Court stated:
It is safe to state as a settled proposition that when the Court is informed by a jury that they cannot agree, it is not error for the court to impress upon them the importance of the case, urge them to come to an *488 agreement, and send them back for further deliberation ...
(Emphasis added.)
The charge given by the trial court does not rise to the level of an Allen charge or a modified Allen charge, and therefore, the trial court did not abuse its discretion by giving this instruction to the jury. This assignment of error lacks merit.
In his fourth assignment of error, defendant contends the trial court erred in allowing the jurors to continue deliberating beyond the thirty minutes allotted them after they initially reported that they were hopelessly deadlocked. Defendant argues that three hours was adequate time for jury deliberation, considering the brevity of time needed to try the case and the lack of complex legal and factual issues. Defendant argues that a mistrial should have been declared after the initial thirty minutes allotted upon the trial court's supplemental instruction to the jury.
After receiving the trial court's supplemental instruction, the jury deliberated for the additional thirty minutes allotted by the court. When the jury was brought back into the courtroom, it requested yet an another thirty minute period for further deliberation. In granting this request, the trial court stated:
Well, I'm certainly influenced by what the Jury wants to do. What I do not want to do isthere is no coercion here to anybody to render a verdict. I want to emphasize that, and just as I told you, I do not want anyone to surrender their individual opinion just to reach a verdict, and all that you're being asked to do is each one, whether you're in the minority or the majority, to consider the other juror's views and weigh their views against your own conclusions. Just consider that.
Upon request of defendant, the jury was polled individually to determine which jurors desired the additional time. Each juror answered in the affirmative.
The trial court has discretion to determine the length of jury deliberations. State v. Simmons, 414 So.2d 705 (La.1982). The complexity and severity of the case is an important factor in the determination of what constitutes a reasonable amount of time. Worthen, 550 So.2d 399. The trial court's decision should not pressure the jury and deny the defendant a fundamentally fair trial. However, a trial court does not commit error when it complies with the wishes of the jury. Lowenfield, 495 So.2d 1245.
The present case consisted of five hours of testimony. The jury retired at 4:25 p.m. for deliberations. At 7:25 p.m., the jury returned, stating it could not reach agreement. The jury was taken out of the courtroom while the trial court took a fifteen minute recess to research case law. The jury was sent out for further deliberations at 7:57 p.m. The jury returned at 8:28 p.m. and requested an additional thirty minutes for deliberation. The jury retired at 8:31 p.m. for further deliberation. The jury returned a verdict of guilty at 9:06 p.m. Thus, the jury deliberated a little over four hours. This amount of time was justified. Also, the trial court did not err in complying with the wishes of the jury to deliberate for a second thirty minute period, especially in light of the comments made by the trial court. This assignment of error lacks merit.

DECREE
The trial court did not abuse its discretion in electing not to declare a mistrial when the jury announced it could not reach agreement. The trial court's supplemental instruction to the jury does not constitute a palpable abuse of discretion. Additionally, the court did not err in allowing the jury to deliberate beyond the thirty minutes the court had allotted in its supplemental instruction. For these reasons, defendant's conviction is affirmed.
AFFIRMED.