STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1442 consolidated with 04-1470


STATE OF LOUISIANA

VERSUS

EDLEY W. SMITH


**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-487-2003
HONORABLE HERMAN I. STEWART  JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

04-1442     WRIT DENIED.

04-1470     WRIT DENIED IN PART; GRANTED IN PART; AND MADE PEREMPTORY.


Hon. David W. Burton
District Attorney
36th Judicial District Court
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Plaintiff/Respondent
        State of Louisiana

**Richard Alan Morton**
**Assistant District Attorney**
**36th Judicial District Court**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**Counsel for Plaintiff/Respondent**
     **State of Louisiana**

**Charles A. Sam Jones, III**
**Attorney at Law**
**P.O. Box 995**
**DeRidder, La 70634**
**(337) 463-5532**
**Counsel for Defendant/Applicant**
     **Edley W. Smith**

GREMILLION, Judge.

In this case, both the State and the defendant, Edley W. Smith, filed writ applications in this court seeking review of those portions of the trial court's ruling following a pre-trial hearing which were adverse to both their interests. For the following reasons, we deny Smith's writ and grant the State's writ in part and deny it in part.

## FACTS

The State alleges that the minor child in this case, hereinafter referred to as K.N.,[1] was sexually molested by Defendant, her stepfather, from March 28, 2002 to May 31, 2003. During this period, Defendant allegedly raped K.N. on two occasions. The child is now nine years old; she was seven and eight years old at the time of the alleged offenses.

The State filed several pre-trial motions, including a "State's Motion in Limine," seeking to preclude the presentation of evidence regarding the previous sexual abuse of K.N. by her paternal grandfather, which occurred in April 2001. Defendant also filed pretrial motions, one of which was a "Motion to Prevent the Office of the District Attorney from Switching Horses in Mid-Stream," by which he sought to preclude the State from contesting the admissibility of certain medical records and related testimony pertaining to the prior abuse.

At the hearing conducted by the trial court regarding both motions, the only witness presented was Dr. Thomas E. Griffin, III, a pediatrician from DeRidder,

_____

[1] The initials of the victim are being used in accordance with La.R.S. 46:1844(W).

1

Louisiana, who testified that he examined K.N. on July 1, 2003. Dr. Griffin gave his opinion regarding the nature of the injuries he observed while examining the victim.

Other records were introduced at the hearing, including the reports of a sex abuse nurse examiner, who worked with K.N. after the 2001 abuse by her grandfather; therapy records from another examiner, Penelope Butler, from 2002; Memorial Herman Baptist Hospital records from 2001; and conviction records pertaining to the prior abuse by K.N.'s grandfather. As we shall discuss hereafter, the trial court ruled that certain anticipated testimony regarding the records and portions thereof were admissible, while other potential testimony and evidence was inadmissible.

### DEFENDANT'S WRIT APPLICATION (KW04-1442)

Defendant contends that the trial court erred in prohibiting introduction of evidence regarding a prior sexual assault against the victim in this case, by her grandfather, and other alleged, unspecified assaults. He claims that he may call a forensic medical expert to rebut the opinion of the State's expert (Dr. Griffin), but that without the excluded evidence he could not question the expert as to the reasons for his alleged erroneous opinion or conclusions. Defendant further alleges that the disallowed evidence "not only contradicts evidence which the State offers against him, but also proves his innocence as to these baseless charges." Finally, in brief to this court, Defendant claims that La.Code Evid. art. 412 is unconstitutional.

There is no disagreement that the victim in this case was sexually abused by her grandfather in 2001. Dr. Griffin testified that some symptoms noted on the

2

child, including vaginal redness, could only have been caused by a relatively recent assault, while others could have been caused by the prior abuse.

Defendant sought to introduce detailed testimony from Butler, a counselor who examined the victim, regarding "a sexual abuse history of at least three incidents when the client was one, two and five," and her notes, indicating that "Sergeant Philpot videotaped the questioning of the client. She said granddad used his finger and another big thing out of his britches." According to Defendant, this testimony is intended to show that the injuries currently observed on the victim were caused by another assailant and not by him.

There was little discussion and no testimony regarding the specific portions of the medical records sought to be introduced at trial. As stated, several of these records were introduced at the hearing, primarily for the benefit of this court. However, there was no page-by-page analysis, or ruling on the admissibility thereof, regarding these documents. Additionally, there is no way for us to determine, de novo, the admissibility of the individual documents, absent factual testimony regarding their relevance to the issues presented in this case. Further, Defendant does not elaborate on which specific items he desires to be introduced and why.

We have reviewed the documents submitted from Memorial Herman Baptist Hospital in Beaumont, Texas, and note that many of these documents include both observations and notations regarding the physical condition of the victim in this case, as well as comments pertaining to allegations and reports of prior physical or sexual abuse. Presumably, it is these documents and the comments contained therein

3

to which the State objects.  As we have noted, the State has also objected to the counseling records.

In denying Defendant the right to introduce evidence including details of these incidents, the trial court said, "I'm not going to allow evidence of any prior specific sexual assault that this child may have been subject to," and:

> I am trying to allow the defense some leeway in allowing nurse Butler to testify at all.  And I am doing so only from the standpoint of the time frame within which she was serving as counselor, and I'm limiting that to whether or not this was reported to nurse Butler.  I think it's necessary, at least, to allow her to testify generally as to the – how she became a counselor to this child and the general nature of the counseling.  But I'm going to apply the rape-shield law not to allow her complete medical records or reference to any specific prior sexual assault that the child may be subject to.

When Defendant inquired as to whether he could ask Dr. Griffin about the validity of his opinion, in light of the past sexual abuse, the trial court stated, "You can ask him that as long as you do not specify any particular prior incident."  Then when Defendant asked if the trial court would allow him to prove to the jury that a prior incident of sexual abuse had occurred, the trial court said:

> I'm allowing you to show that a prior physical condition existed.  That's what I'm allowing you to show.  That (sic) the only part that's relevant.  Whether there was a prior physical condition that existed.  And I'm allowing you to use the medical records to do that, not to show what some person may have done to this child and getting into all the details of that.  But you're allowed to use medical records to show that a prior condition existed in the vaginal area of this child.  And I'm limiting it to that.

We hold that the trial court's ruling was correct for two reasons.  First, Defendant argues that the physical injuries to the victim could have been caused by a previous assault and that this testimony supporting his hypothesis is critical to his defense.  However, as noted by the trial court, its ruling permits introduction of

4

testimony and records which might document such physical conditions as may have existed prior to the alleged assault by Defendant. As such, the introduction of testimony concerning the causes of any such alleged pre-existing conditions would be irrelevant; unnecessary to establish the facts sought by the defense; and unfairly prejudicial, confusing, and misleading. *See* La.Code Evid. arts. 402, 403.

Further, as found by the trial court, evidence of prior incidents of sexual assault against the victim is prohibited by Louisiana's "rape shield" law. Specifically, La.Code Evid. art. 412 states:

A. **Opinion and reputation evidence.** When an accused is charged with a crime involving sexually assaultive behavior, reputation or opinion evidence of the past sexual behavior of the victim is not admissible.

B. **Other evidence; exceptions**. When an accused is charged with a crime involving sexually assaultive behavior, evidence of specific instances of the victim's past sexual behavior is also not admissible except for:

(1) Evidence of past sexual behavior with persons other than the accused, upon the issue of whether or not the accused was the source of semen or injury; provided that such evidence is limited to a period not to exceed seventy-two hours prior to the time of the offense, and further provided that the jury be instructed at the time and in its final charge regarding the limited purpose for which the evidence is admitted; or

(2) Evidence of past sexual behavior with the accused offered by the accused upon the issue of whether or not the victim consented to the sexually assaultive behavior.

We have previously found that such evidence is inadmissible if the incident did not occur within seventy-two hours of the presently-charged offense, even when it may have been relevant for some legitimate purpose. *See State v. Davis*, 95-801 (La.App. 3 Cir. 12/6/95), 664 So.2d 821. In *Davis*, the defendant sought to

5

elicit details of an alleged prior sexual encounter to show that the victim may have gained knowledge of the specific sexual behavior from another party.

*Davis* addresses two points of contention regarding the rape shield law, as argued by the parties. First, it involved a victim who was five years old at the time of the assault. There was no question that the "reputation" of the child was not the issue in *Davis*, and the court, nevertheless, ruled that the statute applied. Additionally, at oral argument, Defendant argued that the rape shield law did not apply to "nonconsensual" relations. As in the instant case, the child in *Davis* lacked the legal capacity to consent to sexual conduct, therefore, this court, by implication, held that the rape shield law applied to nonconsensual sexual activities. *See also State v. Fradieu*, 02-77 (La.App. 4 Cir. 6/25/03), 851 So.2d 345, *writ denied*, 03-2079 (La. 1/16/04), 864 So.2d 627; and *State v. Zierhut*, 93-673 (La.App. 5 Cir. 2/9/94), 631 So.2d 1378, *writ denied,* 94-0607 (La. 6/3/94), 637 So.2d 500. In both of these cases, the appellate courts applied the analysis of the provisions of Article 412, regarding child sexual abuse victims.

In *Fradieu*, evidence that the defendant's son had sexual intercourse with the ten-year-old victim once or twice over a three-year period was held to be irrelevant because it did not occur within seventy-two hours of the alleged sexual intercourse and, therefore, did not meet the requirements set forth in Article 412. In *Zierhurt*, a case similar to the case at hand, the father of the nine-year-old rape victim attempted to introduce evidence that she was allegedly raped by her uncle on another occasion. However, the trial court applied the rape shield statute to deny the admission of evidence pertaining to the alleged rape.

6

Accordingly, the trial court properly held that the rape shield law applied to portions of Butler's counseling records which detailed specific sexual acts committed on the victim prior to Defendant's alleged actions.

Defendant also claimed that Article 412 is unconstitutional,[2] contending that various limitations on admissibility of evidence contained within the article negatively impacted on his ability to present a defense. Specifically, he again refers to his contention that the injuries to the victim may have predated the alleged assault by him, and that such evidence is crucial to his defense. However, as previously noted, the ruling by the trial court permits the admission of evidence regarding the physical condition of the victim prior to the alleged assaults. Only the details of the possible causes of such injuries were found to be inadmissible. Such a limitation permits Defendant to pursue information potentially relevant to his case, while blocking the introduction of irrelevant and prohibited evidence.

Further, Defendant did not raise the unconstitutionality of Article 412 in the lower court, and no ruling was made on any such claim by the trial court. Defendant's claim, raised for the first time in his writ application, is, therefore, not properly before this court for review.

Accordingly, we find that the trial court did not err in its ruling regarding the admissibility of evidence and testimony concerning the physical injuries to the victim, which may have been caused by prior abuse. The trial court properly permitted general testimony regarding the potentially pre-existing physical condition

---

[2] As required by law, the Attorney General's office was notified of Defendant's challenge to La.Code Evid. art. 412 and was given until January 28, 2005 to file a brief, if desired.

of the victim, while excluding irrelevant and prohibited evidence concerning the alleged prior sexual abuse of the child. As such, Defendant's claims to this court have no merit and his writ application is denied.

## STATE'S WRIT APPLICATION (KW04-1470)

In its writ application to this court, the State contends that the trial court erred in ruling that "evidence about a prior sexual assault by an unrelated perpetrator against the victim in the present case, which occurred a year or so prior to the charged offense, would be admissible, in violation of Article 412 of the Code of Evidence." The State also alleged that the trial court erroneously found that it waived the right to object to such evidence at an earlier hearing.

As we have discussed, the trial court did not hold that evidence of a prior sexual assault was admissible. To the contrary, the trial court specifically forbade mention of any such assault in its ruling concerning testimony pertaining to the counseling records. However, the trial court did permit limited admission of evidence regarding the physical condition of the victim, prior to the dates on which she was allegedly raped by Defendant. Defendant sought wider permission to explore medical records and potentially supporting testimony to prove that the victim's injuries might have existed prior to the commission of the charged offenses. These limited queries regarding such facts were properly permitted by the trial court, as they appear highly relevant to Defendant's theory of the case.

Further, Dr. Griffin did state that some of the observed injuries might have predated the alleged assault by Defendant, while others appeared relatively recent in nature. Accordingly, the trial court did not err in ruling that limited

8

admission of evidence regarding the victim's physical condition, prior to the dates of the charged offenses, should be permitted. This contention by the State, therefore, has no merit, and this part of the State's writ application is denied.

Finally, both the State and Defendant submitted arguments regarding the alleged "waiver" by the State of its right to object to admissibility of evidence of prior sexual assaults, which supposedly occurred at the April 12, 2004 pretrial hearing, and pertained specifically to the Beaumont hospital records. At that hearing, the State agreed to provide those records to Defendant as part of discovery, via a *Brady* material request, and did not specifically stipulate to their admissibility at trial. During the discussion at that hearing, the State, at the urging of the trial court, conceded that the rape shield statute did not apply to the facts of the case as the State understood them. However, the State informed the trial court that it did not yet have the records in question and was simply not urging Article 412 at that time.

We have held herein that the rape shield law applies to nonconsensual acts by the victim. The trial court's suggestion to the contrary, to which the State apparently acquiesced, was in error. Further, as noted by the State, it was not issuing a blanket waiver of its right to object under Article 412. The State had not even seen the documents, which were eventually obtained from the hospital.

It is our understanding of the record, the briefs, and oral argument that these documents were first supposed to be reviewed in camera by the trial court to determine whether there was exculpatory material contained therein, after which the State was to be given the opportunity to examine them. The record does not include any reference to such inspection or the results thereof. During the October 18, 2004

9

hearing, it was noted that the hospital records also included various notations indicating that previous sexual assaults had been committed upon the victim. The State sought to have such references deleted on the ground that these notations would implicate other prohibited evidence.

Additionally, Defendant points to no statutory or jurisprudential authority for the proposition that an initial waiver by the State is absolute and must bind the State, without exception, thereafter. During oral argument, Defendant repeated his contention that he "relied on" the waiver by the State, and that the State should, therefore, be "estopped" from raising the objection.

We know of no such principle in Louisiana criminal law. A ruling on an objection or motion is based on the relevant evidence and information known at the time the objection or motion is made. However, as in this case, the discovery of new information does not preclude re-urging the objection or motion at a later date. Further, Defendant points to no particular instance of "detrimental reliance" on the alleged waiver by the State. Defendant did not contend that he was prejudiced in any manner by the action of the State. He does not assert that there was some item of evidence or testimony which has now become unavailable due specifically to his reliance on the alleged waiver, or that his defense has been impacted in any manner because of the alleged waiver.

Accordingly, we find that the trial court erred in ruling that the waiver by the State of its right to assert the rape shield statute could not be withdrawn prior to trial under the circumstances presented in this case. The State is permitted to re-urge its objection to the Beaumont hospital records based on the rape shield law, and

10

the trial court shall consider the records in light of this objection. This part of the State's writ application is granted and made peremptory.

## CONCLUSION

The trial court did not err in ruling that limited evidence regarding the victim's potentially preexisting physical condition should be admissible at trial. Further, the trial court correctly found that specific evidence of prior sexual abuse, as contained in the counseling records, was inadmissible. Defendant's claim that La.Code Evid. art. 412 is unconstitutional, was not raised in the trial court and, therefore, is not properly before this court for review. However, the trial court erred in ruling that the State permanently waived its objection based on the rape shield statute to the introduction of the Beaumont hospital records.

Defendant's writ application is denied. The State's writ application is denied in part, granted in part, and made peremptory.

**KW-04-1442**          **WRIT DENIED.**

**KW04-1470**          **WRIT DENIED IN PART; GRANTED IN PART; AND MADE PEREMPTORY.**

11