COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

QUANTELL DERELL ANDERS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 276283
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

James C. Downs
District Attorney - Ninth Judicial District Court
P. O. Drawer 1472
Alexandria, LA 71309
Telephone: (318) 473-6650
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
Telephone: (337) 436-2900
COUNSEL FOR:
    Defendant/Appellant - Quantell Derell Anders

**Harold A. Van Dyke, III**
**First Assistant District Attorney**
**P. O. Box 1472**
**909 6th Street**
**Alexandria, LA 71309**
**Telephone:  (318) 473-6650**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

THIBODEAUX, Chief Judge.

The Defendant, Quantell Derell Anders, appeals his jury conviction for the lesser included offense of sexual battery in violation of La.R.S. 14:43.1. He was charged with forcible rape. The Defendant complains about the propriety of denying a motion in limine, the allowance of a special jury charge requested by the State, and the alleged error of the trial court in ordering the jury to continue to deliberate and return a verdict.

For the following reasons, we affirm.

## LAW AND DISCUSSION

### Motion in Limine

The Defendant contends the trial court erred when it denied his motion in limine. The Defendant filed a motion in limine on February 14, 2006, seeking to have the trial court determine the extent and nature of the testimony to be allowed regarding D.H.'s attire at the time of the offense. Therein, the Defendant asserted D.H. allowed him into her home between the hours of 1:00 and 2:00 a.m. while dressed "only in underwear and wrapped in a blanket."

At the hearing on the motion, defense counsel informed the trial court that D.H. and the Defendant acknowledged, in their statements to police, that the Defendant was admitted into D.H.'s home between 1:00 and 2:00 a.m. and D.H. had gotten out of bed, was in her underwear, and had wrapped a blanket around herself. Additionally, D.H. remained that way for approximately an hour, at which time the alleged offense occurred. Defense counsel argued that the information regarding D.H.'s attire should be available to the jury "to judge consent, simply because it's the hour and the location. This is not at a bar. This is her home under two o'clock in the morning, and that's the way she allows somebody to come into the -- to her home, and

stays that way for at least an hour." Defense counsel then insisted the Defendant's constitutional right to present a defense should preempt the exclusion of evidence mandated by La.Code Evid. art. 412.1. The trial court then denied the motion, stating it was the court's intention to strictly construe Article 412.1. As a result, defense counsel informed the court that he would proffer the recorded statements of D.H. and the Defendant. However, the statements were not proffered and are not part of the record in this matter.

Louisiana Code of Evidence Article 412.1 provides as follows:

> When an accused is charged with the crime of aggravated rape, forcible rape, simple rape, sexual battery, or second degree sexual battery, the manner and style of the victim's attire shall not be admissible as evidence that the victim encouraged or consented to the offense; however, items of clothing or parts thereof may be introduced in order to establish the presence or absence of the elements of the offense and the proof of its occurrence.

There is no jurisprudence interpreting this article.

The Defendant contends La.Code Evid. art. 412.1 was not designed to cover situations similar to the present case; therefore, the trial court erred in strictly construing the article and denying his right to present testimony concerning D.H.'s lack of attire other than her underwear. The Defendant further contends D.H.'s lack of attire would have supported his assertion that she consented to sexual intercourse and, as he was not allowed to present testimony regarding her attire, he was deprived of his constitutional right to due process and the right to confront his accuser. The Defendant also asserts that, had the jury heard evidence of how D.H. was clothed, it would have been in a better position to weigh the credibility of D.H. and himself. The Defendant contends that, once D.H. realized there was no emergency, she had ample opportunity to either end the conversation with him or excuse herself to dress

2

in more appropriate clothing, as the blanket D.H. used to cover herself cannot be considered attire for purposes of Article 412.1.

The Defendant then discusses La.Code Evid. art. 404. He concedes that it is not directly on point. He notes that Article 404 prohibits the introduction of character evidence and other criminal acts, except in limited circumstances. The Defendant then cites the following from the Official Comments to Article 404:

> (b) Paragraph A codifies the general rule prevailing in Louisiana and throughout the country that, with certain exceptions, character evidence is inadmissible to prove that a person did or did not do a particular act on a particular occasion. Evidence falling within one of the exceptions listed in this Article must nevertheless pass the balancing test of Article 403. In some cases overriding constitutional principles may necessitate admission of evidence not falling within the categories listed in this Article. See U.S. Const.Amend. 6; La.Const. Art. 1, § 16 (1974). See *State v. Ludwig*, 423 So.2d 1073 (La.1982); *State v. Vaughn*, 431 So.2d 358 (La.1983). For example, in an appropriate case, constitutional principles may require the admission of evidence tending to show the character of a third person who[] the accused contends committed the offense.[1]

The Defendant asserts the legislature realized, when enacting Article 404, that the constitutional rights of a defendant could outweigh the legislative intent. It, therefore, recognized that a balancing test was necessary in deciding the admissibility of evidence under Article 404. The Defendant then notes that the legislature did not provide for a balancing test when enacting Article 412.1, which specifically prohibits the introduction of evidence of a sexual assault victim's attire to prove consent.

The Defendant asserts the legislature and the courts cannot protect the victim of a sexual assault at the expense of a defendant's right to present a defense. In support of his argument, the Defendant cites *State v. Vaughn*, 431 So.2d 358 (La.1982), as follows:

---

[1]We have not cited the exact quote found in appellate counsel's brief, as it contains information not found in the Official Comments to La.Code Evid. art. 404.

Defendants were constitutionally entitled to offer *relevant* evidence in support of the defense of consent.[3] They were also constitutionally entitled to impeach the credibility of their accuser with *relevant* evidence.[4]

. . . .

*. . . The evidence was certainly relevant to the defense theory.*[6] . . .

When "prejudice" to the prosecution is balanced against defendant's constitutional right to present relevant evidence in support of his defense, the balance should be weighed in favor of admissibility in those cases in which the prejudice is minimal.

_____

[3]The right to offer relevant and nonprivileged evidence in one's defense of a criminal charge is protected by both the Sixth Amendment and La.Const. Art. I, § 16 (1974). See *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

[4]*See Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The right to cross-examine and to impeach is an indispensable aspect of the right protected by the Sixth Amendment and La.Const. Art. I, § 16 (1974). See *State v. Toledano*, 391 So.2d 817 (La.1980); *State v. Hillard*, 398 So.2d 1057 (La.1981). See also *State v. Dawson*, 392 So.2d 445 (La.1980).

[6]Relevant evidence is defined by the Federal Rules of Evidence as "evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. See also James, Relevancy, Probability and the Law, 29 Calif.L.Rev. 689 (1941). For a scholarly discussion of the concept of relevancy in Louisiana, see *State v. Ludwig*, 423 So.2d 1073 (La.1982).

*Id*. at 370.

The Defendant then asserts that, by denying the admissibility of evidence regarding D.H.'s attire solely on the ground that Article 412.1 does not permit it, without exception, violates his right to present a defense. The Defendant also argues that he was deprived of his right to cross-examine D.H. concerning her lack of attire and why she spoke to him for approximately an hour while in a state of undress. In support of his argument, the Defendant cites *State v. Hall*, 02-1701 (La.App. 4 Cir. 6/25/03), 851 So.2d 330, *writ denied*, 03-2305 (La. 2/6/04), 865 So.2d 738, as follows:

A criminal defendant has the constitutional right to present a defense. Due process affords the defendant the right of full confrontation and cross-examination of the state's witnesses. *State v. Van Winkle*, 94-0947, p. 5 (La. 6/30/95), 658 So.2d 198, 201.

> [D]efense should be allowed substantial freedom in cross-examining state witnesses. But the trial court may curtail such freedom when the questions asked are irrelevant or immaterial to the case. Questions are of material issue if they are of importance to the case. Questions are relevant if they tend to prove or negate the commission of the offense and the intent. Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. (Citations omitted)
>
> *State v. Short*, 94-0233, p. 4 (La.App. 4 Cir. 5/16/95), 655 So.2d 790, 792-793, [*writ denied*, 95-1520 (La. 11/17/95), 633 So.2d 719].

*Id*. at 333.

The Defendant asserts that, if the trial court's interpretation of Article 412.1 is found to prohibit the testimony at issue, Article 412.1 was not only unconstitutionally applied in the case at bar but is also unconstitutional on its face.

D.H. testified that during the rape the Defendant pulled her shirt over her head and held it by the neck. The Defendant testified that D.H. started undressing herself and he helped her. This is the only evidence in the record regarding the way D.H. was dressed at the time of the offense. However, in brief to this court, the Defendant asserts D.H. wore only underwear and draped herself in a blanket. The State asserts D.H. was dressed in a T-shirt and "boy shorts" and covered herself with a blanket when answering the door. The assertions made by the Defendant and the State cannot be verified in the record.

In his citation to *Vaughn*, 431 So.2d 358, the Defendant failed to set forth the facts of the case and address what evidence the defendant in *Vaughn* sought

to have admitted at trial. In *Vaughn*, a white woman was allegedly raped by two black males. The defendants claimed the victim encouraged their advances and consented to sexual intercourse. The defendants specifically testified that the victim called out her brother-in-law's name when the defendants stopped and asked if she needed assistance; mentioned her brother-in-law several more times; and informed them of her very special feeling for him, stating he was also a black man. The victim denied, under oath, that her brother-in-law was black or held himself out to be black. The defense attempted to introduce the brother-in-law's marriage license as evidence of his race in order to impeach the victim. The state objected on the basis that race was a collateral fact and an irrelevant matter which was not competent for use in impeaching the victim. The trial court excluded the evidence.

The supreme court found that the trial court abused its discretion and committed reversible error in disallowing impeachment evidence on the victim on the issue of her brother-in-law's race. The court held that the evidence was relevant to the defense theory that the victim's inclination to display affection for the defendants, black males, in her somewhat intoxicated condition stemmed from her strong attachment to her brother-in-law. The court went on to conclude that:

> the trial judge should have exercised his discretion in favor of admissibility of the evidence, which (1) tended to prove a fact that was relevant and probative of the defense theory (but that had little prejudicial effect upon the prosecution's theory) and (2) was so inextricably tied to [the victim's] credibility that it bore significantly on the determination of whether [the victim's] version was accurate and truthful.

*Id*. at 371.

The situation in *Vaughn* is clearly distinguishable from the case at bar. *Vaughn* addressed the admissibility of impeachment evidence under La.R.S. 15:494, which was repealed effective January 1, 1989. Additionally, the evidence at issue in

6

*Vaughn* was clearly relevant to the victim's credibility and whether she lied under oath. This case involves the admissibility of evidence regarding the attire of a sexual assault victim, which is clearly inadmissible pursuant to La.Code Evid. art. 412.1.

As noted by the State, it appears the Defendant is taking the exact position La.Code Evid. art. 412.1 prohibits—that women wearing certain clothing are "'asking for it' and consent to sex via a wardrobe." Article 412.1 clearly prohibits testimony regarding D.H.'s attire at the time of the offense in order to prove consent. On that basis, the trial court properly excluded any testimony regarding D.H.'s attire.

Although testimony regarding D.H.'s attire at the time of the offense is inadmissible, the clothing worn by D.H. would be admissible pursuant to Article 412.1, if it were being used to prove the presence or absence of an element of the offense. Therefore, the clothing worn by D.H. may have been admissible to show the condition of the clothing after the offense. However, the Defendant did not seek to have any of D.H.'s clothing admitted into evidence at trial.

The Defendant was able to present a defense in this matter without referencing D.H.'s attire at the time of the offense. The Defendant testified, giving his version of the events that occurred the night of the offense, and called several witnesses to testify on his behalf. The Defendant's ability to cross-examine D.H. regarding the offense was properly curtailed, as evidence regarding D.H.'s attire at the time of the offense was irrelevant and immaterial to the case.

The trial court properly excluded testimony regarding D.H.'s attire at the time of the offense pursuant to La.Code Evid. art. 412.1. Furthermore, any claims regarding the unconstitutionality of Article 412.1 were not raised in the trial court and are, therefore, not properly before this court. *See State v. Smith*, 04-1442, 04-1470

(La.App. 3 Cir. 2/2/05), 894 So.2d 564. For these reasons, this assignment of error lacks merit.

**Special Jury Charges**

The Defendant contends the trial court erred in giving the special jury charge requested by the State. The State requested and the trial court gave the following special instruction to the jury: "The testimony of the victim alone is sufficient to prove the elements of the offense, if believed by the jury." Defense counsel objected to the instruction.

The Defendant contends that, although the requested charge was a statement of law and not an abstract principle of law, the charge was improper because it required further explanation. Additionally, the Defendant contends the charge was a direct comment on the evidence, as the jury was advised that the elements of the crime were proven through the testimony of D.H. and, if it believed her, was sufficient for a finding of guilt. The Defendant further contends the giving of the charge cannot be harmless error, as it took from the jury its basic function—to determine whether each element of the offense was proven. The Defendant maintains the jury was merely called upon to determine whether it believed all or part of D.H.'s testimony.

Louisiana Code of Criminal Procedure Article 807 provides, in pertinent part, as follows: "A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."

> When considering an allegedly improper jury instruction, a reviewing court must determine whether it is "reasonably likely" that the jury applied the challenged

8

instruction in an unconstitutional manner, not whether it is possible that the jury misapplied the instruction. In determining whether it is reasonably likely that the jurors misapplied the instruction, the challenged terms are considered in relation to the instructions as a whole. *State v. Bunley*, 2000-0405, p. 14 (La.App. 4 Cir. 12/12/01), 805 So.2d 292, [302-]303, [*writ denied*, 02-505 (La. 1/24/03), 836 So.2d 141]. The test is whether, taking the instruction as a whole, reasonable persons of ordinary intelligence would understand the charge. *Bunley*, 2000-0405, p. 14, 805 So.2d at 303, citing *State v. West*, 568 So.2d 1019, 1023 (La.1990). A conviction will not be reversed on the ground of an erroneous jury charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. *Bunley*, 2000-0405, p. 14, 805 So.2d at 303, citing *State v. Motton*, 395 So.2d 1337 (La.1981), [*cert. denied*, 454 U.S. 850, 102 S.Ct. 289 (1981)] and *State v. Jordan*, 97-1756 (La.App. 4 Cir. 9/16/98), 719 So.2d 556, [*writ denied*, 98-2595 (La. 1/15/99, 736 So.2d 207.]

*State v. Juarbe*, 01-2250, p. 14 (La.App. 4 Cir. 7/31/02), 824 So.2d 1240, 1250-51, *writ denied*, 02-2846 (La. 10/31/03), 857 So.2d 467; *see also State v. McMillan*, 02-181 (La.App. 3 Cir. 6/12/02), 819 So.2d 503.

The charge at issue is not erroneous, as it is the state of the law and is frequently cited by this court when reviewing the sufficiency of the evidence. *See State v. Gauthier*, 04-1608 (La.App. 3 Cir. 11/2/05), 916 So.2d 314; *State v. Rideaux*, 05-446 (La.App. 3 Cir. 11/2/05), 916 So.2d 488; *State v. M.J.S.*, 05-380 (La.App. 3 Cir. 11/2/05), 916 So.2d 1215; *State v. Willis*, 05-218 (La.App. 3 Cir. 11/2/05), 915 So.2d 365, *writ denied*, 06-186 (La. 6/23/06), 930 So.2d 973. Furthermore, the Defendant concedes the charge at issue follows jurisprudence.

Further, the trial court informed the jury that the Defendant was presumed innocent until each element of the crime necessary to constitute his guilt was proven beyond a reasonable doubt and that the burden of proof was on the State. The court went on to instruct the jury that its determination of whether or not a fact had been proven was to be based solely on evidence presented or on the lack thereof.

The jury was further instructed that it alone determined the credibility of each of the witnesses and the weight their testimony deserved. Twice, the trial court defined the offense and all responsive verdicts. Additionally, the jury was instructed a third time regarding the definitions of the responsive verdicts of attempted forcible rape and sexual battery. The trial court never informed the jury that it should believe the testimony of D.H. over that of the Defendant.

As the jury was instructed regarding the offense and the responsive verdicts numerous time, it was unlikely that the jury applied the charge at issue in an unconstitutional manner. Additionally, when taken in the context of the instructions as a whole, reasonable persons would understand the charge at issue.

The jury charge at issue was not erroneous, and the Defendant was not prejudiced by the charge. Accordingly, this assignment of error lacks merit.

**Continuation of Deliberation**

The Defendant contends the trial court erred when it ordered the jury to continue to deliberate and return a verdict.

The jury retired to deliberate at 2:00 p.m. The jury returned to the courtroom for further instructions regarding the offense and the responsive verdicts at 2:39 p.m. The court then stated, "You must retire and return a verdict." The jury again retired to deliberate at 2:43 p.m. Court reconvened at 3:05 p.m. At that time, the foreman told the court that the jury could not "get a 10/2 vote." The following exchange then occurred:

BY THE COURT:

Did you understand the law that I read to you?

BY THE FOREPERSON FALKS:

Yes, sir.

10

BY THE COURT:

> And did you have full discussion in -- as part of your deliberation?

BY FOREPERSON FALKS:

> Some of us think we had full discussion. Yes, sir.

BY THE COURT:

> Okay. Well, I -- I -- I don't believe that's acceptable at this time. I'm going to order you back to deliberate and return a verdict. Okay.

Court again recessed at 3:07 p.m. and at 3:11 p.m. Defense counsel objected to the court's remarks stating, "I looked up -- I thought it was kind of borderline a problem. And I wanted to put an objection to -- on the record, just to -- in case." Defense counsel then told the court that it should have instructed the jury to "try to reach a verdict." Court reconvened at 4:26 p.m., and the court gave further instructions regarding attempted forcible rape and sexual battery. The jury retired again at 4:29 p.m. and returned a verdict at 4:38 p.m.

The Defendant contends that it is clear from the record that rather than declare a mistrial, as warranted by the law and facts of the case, the trial court gave the jury a very modified *Allen* charge, which was improper and mandates reversal. The Defendant additionally contends the trial court's comments may have caused the jury to think that the law would not allow a mistrial and that a verdict was required. The Defendant further contends the actual words used by the court, not the time frame within which the jury deliberated, are important.

This court has discussed *Allen* charges as follows:

> In [*State v.*] *Nicholson*, 315 So.2d 639 [(La.1975)], the supreme court set limits to the instructions that a trial judge can give to a jury after the jury announces it cannot reach a verdict. In *Nicholson*, the court held when a trial court gives a deadlocked jury an instruction that rises to the

11

level of being an "*Allen* charge" or any "coercive modification" of an *Allen* charge, the trial court has committed reversible error. The *Allen* charge originated in *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), where the United States Supreme Court approved a charge designed to break a jury deadlock and accomplish jury unanimity. One characteristic of an *Allen* charge is an admonition to the jurors in the minority to reconsider their opinion in favor of the majority in order to reach a decision. *State v. Schamburge*, 344 So.2d 997 (La.1977); *State v. Washington*, 93-2221 (La.App. 1 Cir. 11/10/94); 646 So.2d 448; *State v. Caston*, 561 So.2d 941 (La.App. 2 Cir.1990); *State v. Campbell*, 606 So.2d 38 (La.App. 4 Cir.1992). A second characteristic is the trial court implying to the jury that it must reach a decision because the trial court will not accept a mistrial. *Id*.

The Louisiana Supreme Court has banned the use of *Allen* charges and "modified" *Allen* charges to ensure that juror verdicts are not the product of coercion. *Schamburge*, 344 So.2d 997; *Nicholson*, 315 So.2d 639. "When the duty to reach a verdict is coupled with the trial court's admonition that those in the minority should reconsider their position, there exists an almost overwhelming pressure to conform to the majority's view." *Washington*, 646 So.2d at 454-455.

*State v. James*, 96-472, pp. 3-4 (La.App. 3 Cir. 12/11/96), 687 So.2d 485, 487, *writ denied*, 97-69 (La. 5/16/97), 693 So.2d 796.

"There is no requirement that a judge declare a mistrial at the initial sign of trouble. *State v. Lowenfield*, 495 So.2d 1245 (La.1985), *cert. denied*, 476 U.S. 1153, 106 S.Ct. 2259, 90 L.Ed.2d 704 (1986)." *State v. Worthen*, 550 So.2d 399, 404 (La.App. 3 Cir. 1989). Additionally, it is also within the discretion of the trial court to urge jurors to come to an agreement. In *State v. Governor*, 331 So.2d 443 (La.1976), the Louisiana Supreme Court stated:

It is safe to state as a settled proposition that when the court is informed by a jury that they cannot agree, it is not error for the court to impress upon them the importance of the case, urge them to come to an agreement, and send them back for further deliberation . . . .

*Id*. at 453.

The trial court's comments merely indicate it felt it was much too soon in deliberations for the jury to conclude that it could not reach a verdict, as the jury deliberated for one hour and five minutes before informing the court that it could not reach the required vote. Furthermore, the foreman merely indicated that some of the jurors felt there had been a full discussion as part of their deliberations. The trial judge did not tell the jurors holding the minority view to reconsider their positions in light of the majority's stance in order to reach a verdict, nor did the trial court state that it would not accept a mistrial. Accordingly, the charge at issue was not coercive in its context and did not rise to the level of an *Allen* charge. Therefore, this assignment of error lacks merit.

## ERROR PATENT

The record does not indicate that the trial court advised the Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to inform the Defendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. *See State v. Roe,* 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## CONCLUSION

We affirm the Defendant's conviction. However, the case is remanded and the trial court is directed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten

13

days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS**.

14